**Byron Phillip DOGGETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50280.**

Court of Criminal Appeals of Texas.

Nov. 5, 1975.

Rehearing Denied Jan. 7, 1976.

Ben D. Sudderth and Keith Woodley, Comanche, for appellant.

Bob Glasgow, Dist. Atty., Stephenville, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of possession of more than four ounces of marihuana; the jury assessed

punishment at imprisonment for 2 years and a fine of $1,000.

Appellant attacks the sufficiency of the evidence; he also contends the trial court erred in overruling his challenge of a juror for cause and complains of the erroneous admission of evidence.

The evidence adduced at trial showed that police officers kept under surveillance a garden and the surrounding area of a plot of land owned by appellant; they observed a large number of marihuana plants growing in various locations near the garden. Appellant and another, Leslie Sharp, entered the garden area on May 21, 1974, and proceeded to water and discuss the marihuana plants; after observing the conduct of appellant and Sharp, Officers Coffee and Cummins arrested them.

In two grounds of error appellant asserts that the evidence is insufficient to prove that he possessed more than four ounces of marihuana. V.A.C.S., Article 4476–15, Controlled Substances Act, Sec. 4.05, provides in pertinent part:

"(a) Except as authorized by this Act, a person commits an offense if he knowingly or intentionally possesses a usable quantity of marihuana.

"(b) An offense under Subsection (a) of this section is:

"(1) a felony of the third degree if he possesses more than four ounces;

"(2) a Class A misdemeanor if he possesses four ounces or less but more than two ounces;

"(3) a Class B misdemeanor if he possesses two ounces or less."

Appellant was found guilty of a third degree felony under Sec. 4.05(b)(1).

Gary Westermann, a Department of Public Safety chemist and toxicologist, testified that he received the seized marihuana plants—roots, stalks, stems and leaves—in a garbage bag; the bag was marked State's Exhibit # 18. The plants were allowed to dry, then placed in another bag marked State's Exhibit # 19. Westermann testified that the contents of State's Exhibit # 19, whole dried marihuana plants, weighed 217.8 grams, or 7.65 ounces. He later indicated that he stripped all the leaves off the plants, conducted his analysis, and placed the remainder in another container; the container was marked State's Exhibit # 20; there was no testimony concerning the weight of the contents of this latter exhibit. Though the testimony is not perfectly clear, a fair reading would indicate that the 7.65 ounces of marihuana included stems, stalks, roots and leaves.

Sec. 1.02 of the Controlled Substances Act provides:

"For the purposes of this Act:

". . .

"(17) 'Marihuana' means the plant Cannabis sativa L., whether growing or not; the seeds thereof; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant, or its seeds. However, it does not include the resin extracted from any part of such plant or any compound, manufacture, salt, derivative, mixture or preparation of the resin; *nor does it include the mature stalks of the plant, fiber produced from the stalks, oil or cake made from the seeds of the plant, any other compound, manufacture, salt, derivative, mixture, or preparation of the mature stalks, fiber, oil, or cake, or the sterilized seed of the plant which is incapable of germination.*" (emphasis added.)

The appellant contends that for the State to prove he possessed four ounces of marihuana it must negative the existence of the excluded materials set out in Sec. 1.02(17) of the Act. We disagree.

In *Torres v. State,* 161 Tex.Cr.App. 480, 278 S.W.2d 853 (1955), a similar claim was advanced under former Penal Code Article 725b, Sec. 1(13) (defining "cannabis" as used in that Act). In that case appellant complained of the trial court's failure to give a special instruction based upon the

provision in the above section of Article 725b, which read, in part, as follows:

". . . but shall not include the non-resinous oil obtained from such seed, *nor the mature stalks of such plant,* nor any product or manufacture of such stalks . . ." (emphasis added.)

The Court held that in light of the *defendant's failure to meet his burden of proof* under the above *exception* the instruction was properly refused.

In *Getters v. State,* 170 Tex.Cr.R. 331, 340 S.W.2d 806 (1960), defendant asserted that it was incumbent upon the State to prove that the seeds contained in the marihuana which was seized were viable and not sterilized. The Court held that:

"If this characteristic [non-viability] was controlling, it was a defense in the nature of an excuse, and the burden of proof was on the appellant under Section 21 of said Art. 725b, V.A.P.C.[1] . . ."

*Smith v. United States,* 106 U.S.App.D.C. 26, 269 F.2d 217 (Cir. 1959), involved a statute which defined marihuana in language nearly identical to that of Sec. 1.02(17) of our statute.[2] In answering precisely the same contention as that before us, the Court there said:

"There was no testimony that the Cannabis sativa in appellant's cigarettes was, or that it was not, derived from the sources which the statute says marihuana 'shall not include'. This does not affect the validity of the conviction. It is settled that an indictment 'founded on a general provision defining the elements of an offense * * * need not nega-

tive the matter of an exception made by a proviso or other distinct clause, whether in the same section or elsewhere, and that it is incumbent on one who relies on such an exception to set it up and establish it.' *McKelvey v. United States,* 260 U.S. 353, 357, 43 S.Ct. 132, 67 L.Ed.2d 301."

See and compare, *McClanahan v. State,* 394 S.W.2d 499 (Tex.Cr.App.1965); see also, *Briscoe v. United States,* 336 F.2d 960 (D.C. Cir.1964); *Ziatz v. People,* 171 Colo. 58, 465 P.2d 406 (1970); *State v. Karathanos,* 158 Mont. 461, 493 P.2d 326 (1972); *State v. Conley,* 32 Ohio App.2d 54, 288 N.E.2d 296 (1971); *Williams v. State,* 437 S.W.2d 82 (Mo.1969); *Hall v. State,* 291 Ala. 397, 281 So.2d 662 (1973); cf. *Lapp v. State,* 519 S.W.2d 443 (Tex.Cr.App.1975).

Sec. 5.10 of the Controlled Substances Act provides, in part, as follows:

"(a) It is not necessary for the state to negate any exemption or exception set forth in this Act in any complaint, information, indictment, or other pleading or in any trial, hearing, or other proceeding under this Act, and the burden of going forward with the evidence with respect to any exemption or exception shall be upon the person claiming its benefit."

 We hold that the provisions of Sec. 1.02(17) of the Controlled Substances Act which exclude certain materials from the definition of marihuana are in the nature of exceptions and that the burden of going forward with the evidence pertaining thereto rests upon the person claiming their benefit; the burden in the instant case be-

---

1. "In any complaint, information, or indictment, and in any action or proceeding brought for the enforcement of any provisions of this Act, it shall not be necessary to negative any exception, excuse, proviso, or exemption, contained in this Act, and the burden of proof of any such exception, excuse, proviso, or exemption, shall be upon the defendant."

2. ". . . The statute provides that 'The term "marihuana" means all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; the resin extract-

ed from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds, or resin; but shall not include the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture, or preparation of such mature stalks (except the resin extracted therefrom), fiber, oil, or cake, or the sterilized seed of such plant which is incapable of germination.' 26 U.S.C. § 4761(2), 68A Stat. 566."

longed to the appellant. The only testimony concerning the maturity of the marihuana plants seized in this case came from a State's witness who indicated that the plants appeared to be young or somewhat less than mature. The appellant did not meet his burden of proof, nor did he request any instructions based upon the exceptions contained in Sec. 1.02(17) of the Controlled Substances Act. These grounds of error are overruled.

Appellant further contests the sufficiency of the evidence, asserting that he was not shown to be in possession of all of the plants seized, and that therefore he was not shown to be in possession of more than four ounces of marihuana. The marihuana plants were taken from two locations: the greater number were distributed in the immediate vicinity of appellant's garden, while others were located just south of the garden on property which belonged to appellant's father. There was testimony that both groups of plants appeared to have been cultivated. The appellant testified that he had access to his father's land and often entered it to care for cattle which he jointly possessed with his father. The appellant was observed watering the plants which were located in the garden area.

Appellant did not request a separate instruction on possession of the plants located on his father's property. The jury was charged on the law of possession, and by their verdict found the appellant in possession of all of the plants which were seized. Possession of a narcotic drug or a controlled substance need not be shown to be exclusive. *Mitchell v. State,* 517 S.W.2d 282 (Tex.Cr.App.1975); *Bentley v. State,* 520 S.W.2d 390 (Tex.Cr.App.1975). The proximity of all of the plants to the garden and the conduct of the appellant were enough to support the logical inference that the appellant exercised actual care and control over all of the plants which were seized; therefore, the evidence is sufficient to support the jury's verdict. This ground of error is overruled.

Appellant next complains of the admission into evidence of State's Exhibit 1, the search warrant, supporting affidavit, and return; he asserts that they contained inadmissible hearsay statements. At the outset we note that it is not altogether clear that these items were ever seen by members of the jury. When the State offered the documents into evidence, appellant objected and the following colloquy ensued:

"THE COURT: I will allow the search warrant and the return to be introduced into evidence before the jury. The affidavit, I think, should only be introduced for the record.

"MR. GLASGOW [PROSECUTOR]: Well, Your Honor, that's certainly fine. All we are doing is just introducing that for the record anyway. No intent to show it to the jury.

"THE COURT: It's allowed for that purpose."

Thereafter, outside the presence of the jury, counsel for appellant, in urging a motion for mistrial, stated the following:

". . . and the State announced after it had tendered [State's Exhibit 1] into evidence in the presence of the Jury that he was offering it solely for the record and not for the Jury to see, having caused the Defendant to make an objection to it going into evidence and calculated to make the Jury believe that the Defendant is attempting to prevent the Jury from seeing matters that should be in evidence, and then in the presence of the Jury stating that it was being offered for the Court alone and not for the use of the jury . . ."

Although the record leaves some doubt as to the access the jury had to State's Exhibit 1, we will assume that at least the search warrant and return were available for inspection by members of the jury.

The recitals contained in the search warrant and return were hearsay and the instruments were not admissible before the jury for any purpose. *Figueroa v. State,*

473 S.W.2d 202 (Tex.Cr.App.1971); *Herbert v. State,* 157 Tex.Cr.R. 504, 249 S.W.2d 925 (1952); 51 Tex.Jur.2d, Searches and Seizures, Sec. 45, p. 729. Their admission into evidence over objection was error. *McGowan v. State,* 158 Tex.Cr.R. 319, 255 S.W.2d 512 (1953); *Arnold v. State,* 157 Tex.Cr.R. 313, 248 S.W.2d 738 (1952); *Byars v. State,* 154 Tex.Cr.R. 515, 229 S.W.2d 169 (1950). However, whether such error calls for reversal must turn on the facts of each particular case. *White v. State,* 119 Tex.Cr.R. 338, 45 S.W.2d 225 (1932); *Hamilton v. State,* 120 Tex.Cr.R. 154, 48 S.W.2d 1005 (1932). It would be necessary to reverse the conviction only if the receipt of the instruments was harmful. *Gunter v. State,* 109 Tex.Cr.R. 408, 4 S.W.2d 978 (1928); 51 Tex.Jur.2d, Searches and Seizures, Sec. 539, p. 741.

■ The recitals in the warrant and return were extrajudicial statements made by Officer Cook concerning what he had personally observed. Officer Cook testified at the trial to substantially the same facts, though in greater detail, as those alleged in the instruments in question. Cf. *California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970).

■ As a general rule a judgment will not be reversed for the erroneous admission of improper evidence if the same facts were proved by other proper testimony. *Yates v. State,* 488 S.W.2d 463 (Tex.Cr.App.1973); *Botello v. State,* 172 Tex.Cr.R. 634, 362 S.W.2d 318 (1962); 5 Tex.Jur.2d, Appeal and Error—Criminal, Sec. 446, p. 704. Officer Cook's testimony that he observed the appellant watering and caring for the marihuana plants was properly admitted; therefore, the erroneous admission of the search

warrant and return was not harmful.[3] This ground of error is overruled.

■ Appellant lastly contends that the trial court erred in failing to grant a challenge for cause of a prospective juror. Caraway, the prospective juror, stated that he could be fair and impartial at the guilt or innocence phase of the trial, but due to strong feelings about people who use marihuana, he was uncertain as to whether he could be fair and impartial at the punishment phase.

The court overruled appellant's challenge for cause and appellant used one of his peremptory strikes on Caraway. In urging a motion for mistrial based upon the overruling of the challenge for cause, counsel for appellant stated:

". . . by allowing Mr. Caraway to remain on the panel and not adding at least one strike to—for the use of the Defendant, it caused the Defendant to not be able to exercise his strikes and have ten challenges of Jurors—of qualified Jurors, the result being that the Defendant could only—was only allowed to strike nine qualified Jurors, and it was necessary to use his tenth strike to strike a Juror which from his own testimony before this Court was disqualified as a Juror in this case . . ."

Appellant did not state nor show that he was forced to take an objectionable juror; the assertion is made for the first time in appellant's brief that appellant was forced to take a named juror who was objectionable to him. No injury is shown. See *Bayless v. State,* 166 Tex.Cr.R. 479, 316 S.W.2d 743 (1958); cf. *Rodriguez v. State,* 399 S.W.2d 818 (Tex.Cr.App.1966); *Powers v.*

---

3. Compare with *Figueroa v. State,* supra, wherein the defendant was convicted for the possession of heroin recovered from his wife at a time when he was not present. The State's case was predicated primarily upon an extrajudicial written confession, one which the appellant testified was involuntary and given to secure the release of his wife. The Court stated that:

"It would be difficult to say that the introduction of the hearsay recitals in the affidavit to the effect that an unidentified informer had told police officers that the appellant was 'using, keeping and possessing heroin and dispensing heroin to various persons' was not obviously harmful." 473 S.W.2d at 204.

*State,* 497 S.W.2d 594 (Tex.Cr.App.1973). This ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.

DOUGLAS, J., not participating.

ROBERTS, J., dissents on the ground that the burden of proof never changes to the defendant; it is on the State throughout the trial.