**Larry ELKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52224.**

Court of Criminal Appeals of Texas.

Dec. 1, 1976.

Sam C. Bashara, San Antonio, for appellant.

Tully Shahan, Dist. Atty., and Durwood Edwards, Asst. Dist. Atty., Del Rio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for delivery of more than one-fourth ounce of marihuana. Punishment was assessed by the jury at five years and a $5,000 fine.

Appellant complains in his first ground of error that the trial court erred in partially overruling his request for a list of witnesses by ordering the State to identify only the witnesses it would use in its case in chief.

The record reflects that paragraph seven of appellant's motion for discovery requests that the State be ordered to reveal:

"the names and addresses of all witnesses or possible witnesses who are known to the attorneys for the State or any of its agencies."

Appellant's complaint appears to be bottomed on the court's action in limiting disclosure to those witnesses that the State would use in its case in chief. *Hoagland v. State*, Tex.Cr.App., 494 S.W.2d 186, is adverse to this argument.

■ Appellant cites *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), for the proposition that he is entitled to the disclosure of any and all evidence favorable to him in connection with the accusations pending against him, including the names of any witnesses to the alleged marihuana transaction. The record does not reflect, nor does the appellant suggest, that any evidence favorable to appellant was suppressed or that as a result of the court's ruling there was a failure to disclose evidence which might have exonerated appellant. *Brady v. Maryland*, supra; *Appleman v. State*, Tex.Cr.App., 531 S.W.2d 806; *Means v. State*, Tex.Cr.App., 429 S.W.2d 490.

No error is shown.

Appellant contends that the court erred in failing to instruct a verdict of not guilty in that the State did not prove that he delivered over one-fourth ounce of marihuana because the State did not negate the existence of the excluded materials in the statutory definition of marihuana.

Section 1.02(17) of the Controlled Substances Act excludes certain parts of the marihuana plant from the definition of marihuana; i. e., the resin, mature stalks, and sterilized seeds.

Section 5.10 of the Controlled Substances Act provides in pertinent part:

"(a) It is not necessary for the state to negate any exemption or exception set forth in this Act in any complaint, information, indictment, or other pleading or in any trial, hearing, or other proceeding under this Act, and the burden of going forward with the evidence with respect to any exemption or exception shall be upon the person claiming its benefit."

After setting forth Sec. 5.10, supra, this Court in *Doggett v. State*, 530 S.W.2d 552, held:

". . . the provisions of Sec. 1.02(17) of the Controlled Substances Act which exclude certain materials from the definition of marihuana are in the nature of exceptions and that the burden of going forward with the evidence pertaining thereto rests upon the person claiming their benefit; . . . ."

Appellant recognizes that our decision in *Doggett* is adverse to his position, but urges that it is in direct conflict with the United States Supreme Court's decisions in *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), and *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

In *Winship*, it was held that the due process clause protects the accused, whether a juvenile or an adult, against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.

In *Mullaney*, a Maine statute was held unconstitutional which required a defendant to establish by a preponderance of the evidence that he acted in a heat of passion on sudden provocation in order to reduce murder to manslaughter.

■ The holding in *Doggett* construing Secs. 5.10 and 1.02(17) of the Controlled Substances Act does not have the effect of shifting the burden of proof or burden of persuasion from the State to the accused. The burden of proof does not change simply because the accused has the burden of producing evidence to establish a defensive plea. See *Escamilla v. State,* Tex.Cr.App., 464 S.W.2d 840; V.T.C.A. Penal Code, Secs. 2.03, 2.04; 1 McCormick & Ray, Texas Evidence, Sec. 47 (2d ed. 1956); 23 Tex.Jur.2d, Evidence, Secs. 116–119 (1961).

■ In the instant case, appellant produced no evidence · to show that the substance identified as marihuana contained any parts excluded by the statutory definition.

We cannot agree that our decision in *Doggett* is in conflict with the United States Supreme Court's decisions in *Winship* and *Mullaney* and conclude that the trial court was not in error in failing to grant an instructed verdict of not guilty for failure of the State to negate the existence of excluded materials.

■ In light of our disposition of the foregoing ground of error, we find no merit in appellant's contention that the court committed fundamental error by improperly defining marihuana in its charge. Appellant's complaint is based on the omission of the provision contained in Sec. 1.02(17), supra, that certain materials are not included in the definition of marihuana. As heretofore noted, no evidence was offered that the substance identified as marihuana contained any of the excluded materials. No objection was voiced to the court's charge and in such instances reversal will not result unless fundamental error appears in the charge. *Moreno v. State,* Tex.Cr.App., 541 S.W.2d 170. Even if there had been evidence that the contraband contained excluded materials, it would have been incumbent on appellant to voice an objection that the definition did not contain "any exemption or exception" set forth in Sec. 1.02(17), supra. We reject appellant's contention that the court's charge contained fundamental error.

Appellant's contention that the court erred in overruling his motion for new trial is based on the same arguments that have already been advanced by appellant and decided adversely to him.

The judgment is affirmed.

Opinion approved by the Court.