Mario MARROQUIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–86–315–CR.

Court of Appeals of Texas,
Corpus Christi.

Jan. 15, 1987.

Rehearing Denied Feb. 5, 1987.

Buddy Dossett, Harlingen, for appellant.

Ben Euresti, Jr., District Attys. Office, Brownsville, for appellee.

Before DORSEY, UTTER and SEERDEN, JJ.

OPINION

DORSEY, Justice.

This is an appeal from a conviction for delivery of more than 50 pounds but less than 200 pounds of marihuana. We affirm.

By his sole point of error, appellant contends that the State failed to prove that there was more than 50 pounds of marihuana as alleged in the indictment, and, therefore, the evidence was not sufficient to support the verdict. He argues that the evidence as to weight included the combined weight of the contents of the bags, which includes stems and seeds, and the bags themselves. Because the sufficiency of the evidence is challenged, we will review the evidence insofar as it is relevant to the quantity of marihuana that was seized.

The basis of the prosecution was the purchase of marihuana by two undercover officers with the Brownsville Police Department, Michael Hinojosa and Jaime Chavez. The appellant put the undercover officers in contact with others who were interested in selling large quantities of marihuana. The two undercover officers met the prospective sellers at a residence in Brownsville, Texas, with the intention and purpose of purchasing 50 pounds of marihuana. The marihuana was contained in five plastic garbage bags and when first seen by the officers was in the trunk of a car. Officer Hinojosa testified that, at his insistence, the sellers removed the marihuana from the trunk of the car to a room in the residence and weighed out the marihuana to be purchased. Fifty pounds was sought by the officers, and Officer Hinojosa testified that the marihuana weighed 51 pounds, or 50½ pounds, or a little over 50 pounds. He also testified that approximately 20 or 30 pounds of marihuana was left over after the amount to be purchased had been segregated. The marihuana was weighed at the time of delivery to the officers in the plastic garbage bags.

Officer Chavez testified that 50½ pounds of marihuana was delivered that day. The chief of the narcotics department of the Brownsville Police Department, Victor Rodriguez, testified that he weighed the marihuana after it had been seized, and it weighed 50½ pounds.

■ The thrust of appellant's argument is that the State had the burden of proving the net amount of useable marihuana as alleged in the indictment, and the evidence presented was of a gross weight, which included the weight of the plastic bags and other materials not included in the definition of marihuana under Tex.Rev.Civ.Stat. Ann. art. 4476–15, § 1.02(22) (Vernon Supp. 1986). It is the burden of the appellant to present evidence as to what the proper weight is, excluding stalks, garbage bags, or other properly excludable material. *Elkins v. State*, 543 S.W.2d 648 (Tex.Crim. App.1976); *Doggett v. State*, 530 S.W.2d 552 (Tex.Crim.App.1975).

■ In reviewing the sufficiency of the evidence, the appellate court views the evidence most favorable to the verdict and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984). All of the evidence as to the quantity of marihuana seized in this case was that it was in excess of 50 pounds. We hold the evidence was sufficient to support the verdict. Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.