Mario **MARROQUIN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 308–87.

Court of Criminal Appeals of Texas,
En Banc.

Feb. 3, 1988.

B.R. Dossett (court-appointed on appeal), Harlingen, for appellant.

Benjamin Euresti, Jr., Dist. Atty. and Gustavo Ch. Garza, Asst. Dist. Atty., Brownsville, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

Appellant was convicted as a party to the offense of delivery of more than 50 pounds but less than 200 pounds of marihuana. After the jury's verdict of guilty the court assessed punishment at 15 years' imprisonment.

On appeal the appellant in a single point of error urged that the "District Court erred in denying Marroquin's motion for instructed verdict because the State failed to prove beyond a reasonable doubt that there was a delivery of more than 50 but less than 200 pounds of marihuana as alleged in the indictment and therefore the evidence was insufficient to support the conviction."[1]

The Court of Appeals, viewing the contention as a challenge to the sufficiency of the evidence, noted that appellant argued that evidence of the weight of the marihuana to show that it was more than 50 pounds included the combined weight of the contents of the bags, which also included stems and seeds and the bags themselves.

After viewing the evidence the Court of Appeals wrote:

"The thrust of appellant's argument is that the State had the burden of proving the net amount of useable marihuana as alleged in the indictment, and the evidence presented was of a gross weight, which included the weight of the plastic bags and other materials not included in the definition of marihuana under Tex. Rev.Civ.Stat.Ann. art. 4476–15, Sec. 1.02(22) (Vernon Supp.1986)[2] It is the burden of the appellant to present evidence as to what the proper weight is, excluding stalks, garbage bags, or other excludable material. *Elkins v. State,* 543 S.W.2d 648 (Tex.Cr.App.1976); *Doggett v. State,* 530 S.W.2d 552 (Tex.Cr. App.1975)."

The Court of Appeals affirmed the conviction. *Marroquin v. State,* 724 S.W.2d 877 (Tex.App.–Corpus Christi 1987).

In his petition for discretionary review the appellant, inter alia, set forth a second ground for review reading:

"The Court of Appeals erred in holding that Tex.Rev.Civ.Stat.Ann. art. 4476–15, Sec. 1.02(22) requires that the defendant prove the weight of the garbage bags in which marihuana was found."

We granted appellant's petition for discretionary review to determine the correctness of the Court of Appeals holding as set forth in the above quoted ground of review.

Briefly stated, the facts show that Brownsville Police Officers Michael Hinojosa and Jaime Chavez were acting as undercover agents. Appellant put them in contact with his brother-in-law and others interested in selling large amounts of marihuana. On the date in question Hinojosa and Chavez met the suppliers at a residence for the purpose of purchasing 50 pounds or more of marihuana. When first seen by the undercover agents the contraband was in the trunk of a car. The marihuana in five plastic bags was weighed at the residence. Officers Hinojosa testified that the marihuana weighed 51 pounds, "or 50 and a half pounds ..." or "a little over 50 pounds." Hinojosa testified that there was approximately 20 or 30 pounds of marihuana left over after the weighing of the marihuana in the five plastic garbage bags.

Officer Chavez testified that 50 and ½ pounds of marihuana was delivered that day. Officer Victor Rodriquez testified that he weighed the marihuana at the police station after it had been seized and that its weight was 50 and ½ pounds. He testified the contraband weighed a half a pound higher "than what we were expecting from the violators." He admitted that the marihuana was weighed in the five bags and not separately. When the five bags were introduced and were opened and exhibited to the jury Rodriquez explained the "leaves are all pressed against the stem ... you can see the leaves and the seed within each bud...."

---

1. After the State rested its case-in-chief the appellant moved for an instructed verdict of not guilty. It was overruled and the appellant rested without offering any evidence.

2. Sec. 1.02(22) of the Controlled Substances Act (Article 4476–15, V.A.C.C.P.) defining marihuana with the exclusion of certain materials therefrom was in effect at the time of appellant's 1986 trial (Acts 1985, 69th Leg., p. 1814, ch. 227, § 1, eff. Sept. 1, 1985). In the original enactment the definition of marihuana was found in § 1.02(17) (Acts 1973, 63rd Leg., p. 1132, ch. 429, eff. Aug. 27, 1973). The definition of marihuana is found in § 1.02(24) (Acts 1987, 70th Leg. 3784, ch. 388, § 1, Sept. 1, 1987).

Sec. 1.02 of the Controlled Substances Act (Art. 4467–15, supra) in effect at the time of appellant's trial, provides:

"For the purpose of this act:

" * * *

"(22) 'Marihuana' means the plant Cannabis sativa L., whether growing or not; the seeds thereof; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant, or its seeds. However, it does not include the resin extracted from any part of such plant or any compound, manufacture, salt, derivative, mixture or preparation of the resin; nor does it include the mature stalks of the plant, fiber produced from the stalks, oil or cake made from the seeds of the plant, any other compound, manufacture, salt, derivative, mixture, or preparation of the mature stalks, fiber, oil, or cake, or the sterilized seed of the plant which is incapable of germination."

Sec. 5.10 of the Controlled Substances Act provides, in part, as follows:

"(a) It is not necessary for the state to negate any exemption or exception set forth in this Act in any complaint, information, indictment, or other pleading or in any trial, hearing, or other proceeding under this Act, and the burden of going forward with the evidence with respect to any exemption or exception shall be upon the person claiming its benefit."

In *Doggett v. State*, 530 S.W.2d 552, 555 (Tex.Cr.App.1975), this Court stated:

"We hold that the provisions of Sec. 1.02(17)[3] of the Controlled Substances Act which exclude certain materials from the definition of marihuana are in the nature of exceptions and that the burden of going forward with the evidence pertaining thereto rests upon the person claiming their benefit; the burden in the instant case belonged to the appellant...."

In *Elkins v. State*, 543 S.W.2d 648, 650 (Tex.Cr.App.1976), this Court wrote:

"The holding in *Doggett* construing Secs. 5.10 and 1.02(17) of the Controlled Substances Act does not have the effect of shifting the burden of proof or burden of persuasion from the State to the accused. The burden of proof does not change simply because the accused has the burden of producing evidence to establish a defensive plea. See *Escamilla v. State*, Tex.Cr.App., 464 S.W.2d 840 [1971]; V.T.C.A., Penal Code, Secs. 2.03, 2.04; 1 McCormick and Ray, Texas Evidence, Sec. 47 (2nd ed. 1956); 23 Tex. Jur.2d, Evidence, Secs. 116–119 (1961).

"In the instant case, appellant produced no evidence to show that the substance identified as marihuana contained any parts excluded by the statutory definition."

 Upon a careful reading we do not find that the Court of Appeals expressly held that Article 4467–15, § 1.02(22), supra, required the appellant to prove the weight of the garbage bags in which the marihuana was "found." What the court did hold was that the appellant had the burden "to present evidence as to what the proper weight is, excluding stalks, garbage bags, or other excludable material," citing *Elkins* and *Doggett*, supra. The language used by the Court of Appeals is somewhat misleading. In placing the burden upon the defendant, *Elkins* and *Doggett*, supra, were dealing with certain materials excluded from the statutory definition of marihuana. They did not deal with garbage bags nor does the statute. The Court of Appeals was correct in citing *Elkins* and *Doggett*, supra, in the instant case, as to the materials excluded by statute from the definition of marihuana, but it was incorrect in holding the appellant had the burden of proof as to excluding the plastic garbage or trash bags. The burden of proof was upon the State to prove each element of the offense alleged beyond a reasonable doubt. See V.T.C.A., Penal Code, § 2.01; Article 38.03, V.A.C.C.P. In the instant case the State was required to prove by direct or circumstantial evidence beyond a reasonable doubt, inter alia, that the amount of marihuana involved was more than 50 pounds in order to sustain a conviction under the second count of the indictment for the de-

---

3. See footnote # 2.

livery of marihuana. The State offered evidence the marihuana when first seen by the undercover officer was in plastic bags in the trunk of a car. It was weighed at the accomplices' residence in the bags, and Officer Hinojosa testified five bags weighed 51 pounds or 50 and ½ pounds. Officer Rodriquez testified he weighed the five bags of marihuana at the police station and the weight was 50 and ½ pounds; that he did not weigh the five plastic garbage bags separately. The five plastic garbage bags with their contents were introduced and exhibited to the jurors who were able to observe the nature of the bags. The State points out that the garbage or trash bags were the kind common to many households. A photograph of the bags and their contents introduced into evidence before the jury supports this conclusion. The trial court did not err in overruling the motion for an instructed verdict. In the charge the court instructed the jurors that before they could convict they had to find, inter alia, from the evidence beyond a reasonable doubt that delivery was of marihuana of "an amount more than 50 pounds but less than 200 pounds." The trial court further instructed the jury:

> "Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant.." [4]

Appellant's counsel argued to the jury that the State had failed to sustain its burden as to the weight and that if there were 49 and 3/4 pounds this would not be enough to satisfy the requirements of the law, that the State failed to have the marihuana weighed in the presence of the jury or to "have taken the bag off." The jury rejected the argument by its verdict.

It is well settled that the jury is the trier of the facts, the judge of the credibility of the witnesses, and the weight to be given to the testimony.

In reviewing the sufficiency of the evidence the appellate court must view the evidence in the light most favorable to the jury's verdict to determine whether any rational trier of the facts could have found all of the essential elements of the crime beyond a reasonable doubt, *Houston v. State*, 663 S.W.2d 455 (Tex.Cr.App.1984), and this is true in both direct and circumstantial evidence cases. *Houston*, at 456. See also *Carlsen v. State*, 654 S.W.2d 444 (Tex.Cr.App.1983) (Opinion on motion for rehearing); *Sutherlin v. State*, 682 S.W.2d 546 (Tex.Cr.App.1984). As the Court of Appeals noted, the evidence as to the quantity of marihuana seized was that it was in excess of 50 pounds. The evidence was sufficient to support the verdict.

While the Court of Appeals was in error in holding that the appellant had the burden to present evidence as to the weight of the garbage bags, the State sustained its burden and the evidence was sufficient to support the conviction.

The judgment of the Court of Appeals is affirmed.