Stuart Gregory YOUNG, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–95–024 CR.

Court of Appeals of Texas,
Beaumont.

Submitted Nov. 21, 1995.

Decided May 15, 1996.

Rehearing Overruled June 7, 1996.

George E. Renneberg, Law Office of William E. Hall, Jr., Conroe, for appellant.

Daniel Rice, District Attorney, Gail Kikawa McConnell, Assistant District Attorney, Conroe, for State.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

WALKER, Chief Justice.

A jury convicted appellant of the felony offense of Aggravated Possession of Marijuana. TEX.HEALTH & SAFETY CODE ANN. § 481.121(c) & (d) (Vernon Pamphlet 1992). The jury further sentenced appellant to fifteen (15) years' confinement in the Texas Department of Criminal Justice, Institutional Division. Appellant raises a single point of error on appeal regarding the sufficiency of the evidence introduced at trial to sustain the conviction. Appellant's sole complaint focuses on what he considers the lack of proof by the State that all 161.6 pounds of the green leafy substance, contained in seven plastic wrapped bundles, was indeed marijuana. Appellant makes this contention despite the fact that he admits the record contains testimony from the State's chemist that representative samples were taken from each of the seven wrapped bundles, and that said samples tested positive for marijuana. Apart from the chemist's testimony, appellant characterizes the state of the evidence before the jury as follows:

The remainder of the record is bereft of evidence of the weight of the contraband. There is no suggestion that marijuana is a self-miscible material. There was no examination of the interior contents of the bundles to determine the homogeneity of the contents. In truth, chemist Haby simply assumed the contents to be homogeneous, and was forced to admit that his testimony was founded on that assumption, not facts.

We find that the holding first announced in *Doggett v. State*, 530 S.W.2d 552, 555 (Tex. Crim.App.1975), and later reaffirmed in *Elkins v. State*, 543 S.W.2d 648, 650 (Tex.Crim. App.1976), to be instructive. *Marroquin v. State*, 746 S.W.2d 747, 749–750 (Tex.Crim. App.1988), somewhat refined *Elkins* and *Doggett* and now contains the viable law on this issue. The *Marroquin* Court reaffirmed *Elkins* and *Doggett* in providing that it was the defendant's burden at trial to present evidence of the weight of any materials excluded from the statutory definition of marijuana so as to show the weight alleged and/or proven by the State was incorrect. *Id.* at 749. However, the defendant has no evidentiary burden with regard to materials not listed in the statutory definition of marijuana as excludable material, such as plastic garbage bags in which the marijuana is contained. *Id.* As the *Marroquin* Court observed:

The Court of Appeals was correct in citing *Elkins* and *Doggett,* supra, in the instant case, as to the materials excluded by statute from the definition of marihuana, but it was incorrect in holding the appellant had the burden of proof as to excluding the plastic garbage or trash bags. The burden of proof was upon the State to prove each element of the offense alleged beyond a reasonable doubt. See V.T.C.A., Penal Code, § 2.01; Article 38.03, V.A.C.C.P. In the instant case, the State was required to prove by direct or circumstantial evidence beyond a reasonable doubt, inter alia, that the amount of marihuana involved was more than 50 pounds in order to sustain a conviction under the second count of the indictment for the delivery of marihuana.

*Id.* at 749–750.

Because the *Elkins/Doggett* line of cases places the burden of producing evidence to establish a defensive plea [*e.g.,* that the substance identified as marijuana contained any parts excluded by the statutory definition] on appellant, we find appellant failed in his burden as to excludable materials defined under TEX.HEALTH & SAFETY CODE ANN. § 481.002(26) (Vernon Pamphlet 1992). With regard to any other non-marijuana material, the record in the instant case reflects that said material would be limited to the plastic wrappings in which the green leafy material was bundled. Recall that there were seven such bundles with a total weight of 161.6 pounds. The *Marroquin* Court had to conduct an identical analysis of the sufficiency of the proof of weight of the marijuana. This was accomplished by conducting a basic sufficiency of evidence review under *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). With regard to the evidence before it, the *Marroquin* Court observed the following:

Officer Hinojosa testified five bags weighed 51 pounds or 50 and ½ pounds; ... that he did not weigh the five plastic garbage bags separately. The five plastic garbage bags with their contents were introduced and exhibited to the jurors who were able to observe the nature of the bags.... In the charge the court instructed the jurors that before they could convict they had to find, inter alia, from the evidence beyond a reasonable doubt that delivery was of marihuana of "an amount more than 50 pounds but less than 200 pounds." The trial court further instructed the jury:

"Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant."

*Marroquin,* 746 S.W.2d at 750.

■ In the instant case, the seven individual bales of marijuana were introduced into evidence by the State as State's Exhibits 14 through 20. The State's chemist testified that each bale was examined by him and each contained a usable quantity of marijuana. He further testified that the collective weight of the seven bales was 161.6 pounds. The jury was instructed by the trial court in language almost identical to that used by the

trial court in *Marroquin*. As in *Marroquin*, the jury in the instant case was able to observe the nature of the plastic wrapping material that covered all of the marijuana. Based on the indictment and the application paragraph of the trial court's instructions, the State was only required to prove that the marijuana weighed more than 50 pounds, but less than 200 pounds. The State proved that the seven bales weighed, collectively, over three times more than 50 pounds. We believe that any rational trier of fact could have found that the State proved, beyond a reasonable doubt, that the amount of marijuana possessed by appellant was in excess of 50 pounds, but under 200 pounds. Point of error one is overruled.

■ Although we have addressed the lone point of error raised by appellant, we must nevertheless reverse and remand the cause to the trial court. As we noted at the outset of the opinion, appellant was sentenced to fifteen years' confinement in the penitentiary. No fine was assessed. In examining the applicable provisions under which appellant was prosecuted, that being TEX.HEALTH & SAFETY CODE ANN. § 481.121(c) & (d) (Vernon Pamphlet 1992), any sentence for conviction of an aggravated offense mandates a fine be imposed in addition to the penitentiary time. The statutory provision in question requires "a fine not to exceed $50,000[.]" Both the trial court's oral pronouncement in open court and the written sentence omit a fine. As we recognized in *Land v. State*, 890 S.W.2d 229, 234 (Tex.App.—Beaumont 1994, no pet.), the power granted courts to reform judgments under TEX.CODE CRIM. PROC.ANN. art. 37.10(b) (Vernon Supp.1996), does not include the power to *add* punishment to incomplete verdicts, even if the addition is de minimis. Because this Court does not have the authority to reform by additur, we reverse the judgment and sentence and remand the cause to the trial court for a new punishment hearing. TEX.CODE CRIM.PROC. ANN. art. 44.29(b) (Vernon Supp.1996).

REVERSED AND REMANDED ON PUNISHMENT ONLY.