In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-202 CR


____________________



MEL LITHERLAND MARTIN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 221st District Court


Montgomery County, Texas


Trial Cause No. 00-09-05990-CR






MEMORANDUM TO CLERK


 You are directed to release the opinion dated May 29, 2002, for publication.

 You will give notice of this memorandum to all interested parties who received a
copy of the original opinion.

 Entered this the 16th day of August 2002.

 PER CURIAM



In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-202 CR


____________________



MEL LITHERLAND MARTIN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 221st District Court


Montgomery County, Texas


Trial Cause No. 00-09-05990-CR






O P I N I O N


 On trial for intoxication manslaughter, a jury convicted Mel Litherland Martin of
the lesser included offense of driving while intoxicated. The trial court determined that
because Martin had been previously convicted of two DWIs, she should be punished for
felony DWI (third degree). The trial court sentenced Martin to three years' confinement,
suspended for five years. 

 Martin's first point of error contends the trial court erred in applying section 49.09
of the Texas Penal Code to this case. Point of error two charges the trial court erred in
punishing Martin for a third degree felony because the jury made no finding that the prior
convictions for DWI were true. We sustain point of error two, and as sustaining point of
error one would render no greater relief we do not address its merits.

 Martin asserts the two prior convictions are elements of the offense and therefore
must be included in the charge to the jury to support a conviction for felony DWI. The
State counters that the two prior convictions are "jurisdictional" elements and because the
trial court had jurisdiction due to the felony charge of intoxication manslaughter, a jury
finding on the prior DWIs was not required. The State further contends the two prior
convictions serve the purpose of enhancing punishment therefore it was proper for the trial
court to withhold its finding of true until the punishment phase.

 The Court of Criminal Appeals has previously addressed both of these arguments. 
In Gibson v. State, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999) (emphasis added), the
court noted that 

 prior intoxication-related offenses, whether they are felonies or
misdemeanors, serve the purpose of establishing whether the instant offense
qualifies as felony driving while intoxicated. The prior intoxication-related
offenses are elements of the offense of driving while intoxicated. They
define the offense as a felony and are admitted into evidence as part of the
State's proof of its case-in-chief during the guilt-innocence stage of the trial.


Further, the court stated, "We conclude that prior intoxication-related convictions serve
the purpose of enhancing the offense in Section 49.09(b) whereas the prior convictions
used in Section 12.42(d) serve the purpose of enhancing punishment. Section 49.09(b) is
distinguishable from Section 12.42(d) on this basis. . . . Our reading of the plain language
of Section 49.09(b) also indicates it should not be viewed as a punishment-enhancement
statute similar to Section 12.42.(d)." Id. (footnote omitted) (emphasis added).

 There is simply no support for the State's argument that the trial court was
permitted to assume the role of fact-finder on the issue of the two prior convictions. 
"[T]he prior convictions must be included in the jury charge and found to be true before
a jury may find a defendant guilty of the offense of felony DWI." State v. Mewbourn, 993
S.W.2d 771, 773 (Tex. App.--Tyler 1999, no pet.). The charge to the jury upon which
Martin was convicted permitted a finding of guilt for either intoxication manslaughter or
the lesser included offense of driving while intoxicated. The charge did not include the
elements necessary to support a conviction for felony DWI and felony DWI is not a lesser
included offense of intoxication manslaughter as it includes the additional element of two
prior convictions. Consequently the crime for which Martin was convicted was a
misdemeanor, not a felony. Accordingly, we reform the judgment to reflect a conviction
for driving while intoxicated - all references to this offense as subsequent or to any prior
convictions for an offense relating to the operation of a motor vehicle while intoxicated are
omitted. As reformed, the judgment of conviction is affirmed as to the adjudication of
guilt.

 Absent an enhancement statute, there is simply no authority permitting a trial court
to punish a defendant for a crime greater than the one of which the jury found her guilty. 
Accordingly, we find the trial court erred in punishing Martin for a third degree felony. 
 Generally, when a punishment is not authorized by law, the sentence imposing that
punishment is void. See Levy v. State, 818 S.W.2d 801, 802 (Tex. Crim. App. 1991). 
A punishment unauthorized by law refers to punishments assessed that, on their face, are
not within the realm of punishments applicable to the particular offense. See Speth v.
State, 6 S.W.3d 530, 532 (Tex. Crim. App. 1999). Martin received such a sentence.

 Accordingly, the judgment and sentence of the trial court is reversed and the cause
remanded to the trial court for a new punishment hearing. See Young v. State, 922 S.W.2d
676, 678 (Tex. App.--Beaumont 1996, pet. ref'd); Tex. Code Crim. Proc. Ann. art.
44.29 (b) (Vernon Supp. 2002). 

 REFORMED, AND AS REFORMED, AFFIRMED IN PART; REVERSED AND
REMANDED IN PART.

 ________________________________

 DON BURGESS

 Justice

Submitted on May 16, 2002 

Opinion Delivered May 29, 2002

Publish 


Before Walker, C.J., Burgess, and Gaultney, JJ.