

## NUMBER 13-10-00505-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**DANIEL CANO HERNANDEZ,**                                               **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                  **Appellee.**

### On appeal from the 103rd District Court
### of Cameron County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Vela, and Perkes
### Memorandum Opinion by Justice Benavides

Appellant, Daniel Cano Hernandez, appeals his jury conviction for possession of marihuana (fifty pounds or less, but more than five pounds), a third-degree felony, which was enhanced to a second-degree felony based on an enhancement pleading of true. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121 (West 2010); TEX. PENAL CODE ANN. § 12.42(a) (West 2011). The jury sentenced appellant to eighteen years' imprisonment in

the Institutional Division of the Texas Department of Criminal Justice. By four issues,[1] Hernandez argues that:

(1) the non-accomplice evidence insufficiently corroborated the accomplice witness testimony and does not tend to connect Hernandez with the crime;

(2) trial counsel's failure to request an accomplice witness instruction amounted to ineffective assistance of counsel;

(3) the State made improper comments regarding Hernandez's presumption of innocence as well as his right to remain silent during trial; and

(4) the evidence is legally insufficient to support a conviction because the State failed to prove the weight of the marihuana beyond a reasonable doubt.

We affirm.

## I. BACKGROUND

Cameron County Sheriff investigators Omar Lerma and Carlos Martinez were conducting routine interdiction[2] duties the afternoon of July 21, 2009 at the Los Ebanos Post Office in Brownsville, Texas, when two individuals caught their eye. The investigators observed Emilio Rios carry a heavily-taped package, wrapped in brown-paper, into the post office, after he exited a Chevy Malibu bearing North Carolina license plates driven by Hernandez. Investigators noticed that after dropping Rios off at the post office, Hernandez drove off the premises and parked his vehicle at a gas station, then at a watermill station, both located across the street. Hernandez later returned to the post office parking lot to wait for Rios. Curious about the suspicious activity,

---

[1] For purposes of clarity, we reorganized Hernandez's issues on appeal. *See* TEX. R. APP. P. 44.1.

[2] "Interdiction duties" were defined by Sheriff's Investigator Martinez as a type of investigation in which plain-clothes investigators park at the post office and wait for suspicious-looking individuals who enter the post office with suspicious packages. Investigators then make contact with the individuals carrying the suspicious packages and obtain their consent to search the boxes, in an effort to find contraband.

Martinez, who identified himself as a sheriff's investigator, approached Hernandez as he sat in the idling vehicle. Lerma followed Rios and made contact with him inside the post office.

Lerma escorted Rios to the parking lot and began questioning him about the box's contents and its ownership. Similar questions were posed to Hernandez, who denied knowledge and ownership of the box. Both Rios and Hernandez denied ownership of the box, told investigators that the box belonged to the other, and each denied consent to search it.

Faced with conflicting stories, the investigators enlisted the assistance of K-9 officer William Jackson's trained dog, Rex, to sniff the box and determine if it contained narcotics. Upon arrival, Rex alerted the investigators that the box contained contraband. After Rex's positive identification, Rios voluntarily gave his verbal and written consent to search it. Investigators discovered a layer of spray-foam insulation which masked six bundles of marihuana wrapped in cellophane and coated with axle grease.[3] Hernandez and Rios were subsequently placed under arrest and taken into custody. After their arrest, an inventory was taken of the Chevy Malibu, later determined to be a rental vehicle procured by Hernandez's neighbor. The vehicle contained packing materials and receipts indicating the purchase of those materials.

Hernandez and Rios were indicted together for possession of marihuana (fifty pounds or less but more than five pounds). Hernandez's charge was enhanced from a third-degree felony to a second-degree felony stemming from a 2003 felony conviction of

---

[3] Investigators testified that axle grease is rubbed on the cellophane packages in attempts to deter drug-sniffing dogs.

possession of a controlled substance. Rios pleaded guilty to the charged offense and testified against Hernandez during his trial. The jury found Hernandez guilty of the enhanced offense and sentenced him to eighteen years' imprisonment. This appeal ensued.

## II. NON-ACCOMPLICE EVIDENCE

In his first issue, Hernandez contends that the State's non-accomplice evidence does not corroborate Rios's accomplice testimony[4] as required by article 38.14 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.14 (West 2005).

### A. Applicable Law and Standard of Review

Article 38.14 of the code of criminal procedure provides the following guidance:

> A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

*Id.* In our review, we "eliminate the accomplice testimony from consideration and then examine the remaining portions of the record to see if there is any evidence that tends to connect the accused with the commission of the crime." *Solomon v. State*, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001); *see Castillo v. State*, 221 S.W.3d 689, 691 (Tex. Crim. App. 2007). Rather than rational sufficiency, "tendency to connect" is the standard of review—that is, "there simply needs to be 'other' evidence 'tending to connect' the defendant to the offense." *Castillo*, 221 S.W.3d at 691; *see Solomon*, 49 S.W.3d at 361. Finally, the non-accomplice evidence does not have to directly link the accused to the crime, nor by itself establish guilt beyond a reasonable doubt. *See Castillo*, 221 S.W.3d at 691.

---

[4] Neither side disputes that Rios was an accomplice as a matter of law in this case.

4

**B.    Analysis**

In this case, we disagree with Hernandez that the non-accomplice evidence does not corroborate Rios's testimony or tend to connect him to the offense.    Investigators Lerma and Martinez each testified to observing co-defendant Rios exit the Chevy Malibu that was driven and possessed by Hernandez, holding the package later determined to contain bundles of marihuana.    While we recognize that the accused's "mere presence in the company of the accomplice before, during, and after the commission of the offense" is insufficient by itself to establish corroboration under article 38.14, other suspicious circumstances or "even apparently insignificant incriminating circumstances," coupled with that fact may be satisfactory.    *Dowthitt v. State*, 931 S.W.2d 244, 249 (Tex. Crim. App. 1996).

Here, the jury was allowed to consider other evidence, such as the investigators' discovery of packaging materials inside the Chevy Malibu similar to the packaging used for the box in question.    Also, the State elicited testimony about Hernandez's behavior after dropping off Rios at the post office which noted that:    (1) Hernandez left the post office parking lot to park across the street at the gas station, but never got out of the vehicle; (2) moved the Chevy Malibu to a nearby watermill station, but, again, never got out of the vehicle; and (3) returned to the post office parking lot and parked in a reverse manner.    We conclude that the non-accomplice evidence was sufficient to show a tendency to connect Hernandez to the offense.    *See Dowthitt*, 931 S.W.2d at 249; *Castillo*, 221 S.W.3d at 691; *Solomon*, 49 S.W.3d at 361.    Issue one is overruled.

5

### III.     INEFFECTIVE ASSISTANCE OF COUNSEL

In his second issue—which, as briefed, was an alternative argument to issue one— Hernandez asserts that his trial counsel's failure to request an accomplice witness instruction in the charge amounted to ineffective assistance of counsel.

### A.     Applicable Law and Standard of Review

To successfully argue that counsel was ineffective, Hernandez must show that (1) counsel's performance fell below an objective standard of reasonableness; and (2) but for counsel's errors, the result would have been different. *See Strickland v. Washington*, 466 U.S. 668, 669 (1984). In our review, we must "indulge a strong presumption that counsel's conduct falls within the wide-range of reasonable professional assistance." *Id.*

### B.     Analysis

Here, it is undisputed that Rios was an accomplice as a matter-of-law by virtue of being Hernandez's co-indictee and his prior plea of guilty to the charge. *See Smith v. State*, 332 S.W.3d 425, 439 (Tex. Crim. App. 2011); *Solis v. State*, 792 S.W.2d 95, 97 (Tex. Crim. App. 1990) (en banc). Accordingly, when a witness is an accomplice as a matter-of-law the trial court is under a duty to so instruct the jury. *See Smith*, 332 S.W.3d at 439–40; *Blake v. State*, 971 S.W.2d 451, 455 (Tex. Crim. App. 1998) (en banc). Based on the record, we conclude that Hernandez's trial counsel performed deficiently for not requesting an accomplice-witness instruction regarding Rios because "an instruction concerning accomplice witness testimony would have informed the jury that it could not convict applicant without corroborating evidence which tended to connect applicant to the commission of the offense, and that evidence merely showing

6

commission of the offense would not be sufficient." *Henson v. State*, 915 S.W.2d 186, 197 (Tex. App.—Corpus Christi 1996, no pet.) (holding that trial counsel was deficient under *Strickland* for not requesting an accomplice-witness instruction).

Notwithstanding counsel's deficient performance, we explained earlier in this opinion that sufficient non-accomplice evidence was presented to the jury which tended to connect Hernandez to the crime. Furthermore, the record does not reveal any rational basis on which the jury could have disregarded or doubted that non-accomplice evidence. Consequently, Hernandez did not meet the second prong of *Strickland*, also known as the "prejudice" requirement to prove ineffective assistance of counsel. *See Davis v. State*, 278 S.W.3d 346, 353 (Tex. Crim. App. 2009); *Gonzalez v. State*, 350 S.W.3d 356, 361–62 (Tex. App.—Beaumont 2011, pet. dism'd). Hernandez's second issue is overruled.

## IV.    PROSECUTOR'S COMMENTS

In his third issue,[5] Hernandez asserts that the State made two separate improper comments to the jury which requires reversal and a new trial.

## A.    Standard of Review

We review error in criminal cases according to the following standard:

> If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.

> Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.

---

[5] We combined Hernandez's third and fourth issues as they each alleged improper comments made by the prosecution. *See* TEX. R. APP. P. 44.1.

7

TEX. R. APP. P. 44.2.  As a pre-requisite to presenting a complaint for appellate review, the record must show that the error was preserved by: (1) a complaint made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling sought with specificity; and (2) the trial court ruled on the request, objection, or motion either expressly or implicitly.  *See* TEX. R. APP. P. 33.1(a).

**B.    Analysis**

**1.  Presumption of Innocence**

The first comment at issue is illustrated by the following excerpt from voir dire:

PROSECUTOR:                    Like the judge noted, this is a two-step process. When we have trial, there is a guilt and innocence phase, which, if you are chosen as a juror, you will have to determine whether or not a defendant is innocent or guilty.  If and when you do find him guilty, you will then go on to decide what his punishment will be.

Hernandez contends that this comment was improper and violated his presumption of innocence.  *See* TEX. CODE CRIM PROC. ANN. art. 38.03 (West 1979 & West Supp. 2011).  As a preliminary step, we must determine whether Hernandez properly preserved error for our review.  *See* TEX. R. APP. P. 33.1(a).  "When [a defendant] complains about an improper remark by the prosecutor during voir dire, appellant must object when the remark is made."  *Espinosa v. State*, 194 S.W.3d 703, 708 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (citing *Beltran v. State*, 99 S.W.3d 807, 811 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd)); *see also Cruz v. State*, 877 S.W.2d 863, 868 (Tex. App.—Beaumont 1994, pet. ref'd) (overruling issue of improper comment because defendant did not object to the improper comment at the time it was made during voir dire); *Peralez v. State*, No. 13-06-376-CR, 2007 WL 2265111, at *5

(Tex. App.—Corpus Christi 2007, no pet.) (mem. op.) (not designated for publication). Here, the record does not reflect that Hernandez complained about this remark. Accordingly, he did not properly preserve error. *See Espinosa*, 194 S.W.3d at 708.

### 2. Refusal to Testify

Hernandez's second complaint stems from a rebuttal argument made by the prosecution during its closing argument:

| | |
|---|---|
| PROSECUTOR: | [Defense counsel] brought up an important point. You know, he doesn't have a right to testify. You know, he doesn't have to bring witnesses, but he can. |
| DEFENSE COUNSEL: | Yes, he has a right not to testify, Your Honor. |
| PROSECUTOR: | I just said that. |
| THE COURT: | No, I think— |
| PROSECUTOR: | He doesn't have |
| THE COURT: | He has a right to testify; he also has a right not to testify; okay? |
| PROSECUTOR: | Okay. That's correct. I'm sorry. |
| THE COURT: | All right. Go ahead. |

Hernandez argues that the prosecutor's misstatement of the law was an attempt to bolster the State's case and impeach Hernandez by telling the jury that he did not want to present a defense. *See Griffin v. California*, 380 U.S. 609, 611–14 (1965); *Doyle v. Ohio*, 426 U.S. 610, 615–20 (1976). We disagree. *Griffin* and *Doyle* are distinguishable from the present set of facts. First, in *Griffin*, the prosecution's comments about the defendant's right not to testify as well as the trial court's instruction to the jury to evaluate that silence, was interpreted as an unconstitutional offer of evidence for the jury to consider. *See Griffin*, 380 U.S. at 612–15. Second, the *Doyle*

9

Court held that a prosecutor's attempt to impeach the defendant during cross-examination through his post-arrest silence was unconstitutional. *See Doyle*, 426 U.S. at 613–20. The constitutional protections afforded by *Griffin* and *Doyle* are not analogous to this case.

Here, the prosecutor misstated the law during rebuttal, defense counsel brought the error to the trial court's attention, and the trial court implicitly sustained the complaint and corrected the misstatement. The State was not attempting to offer evidence of Hernandez's right to silence, nor was the State attempting to impeach Hernandez during cross-examination about his post-arrest silence. *See Griffin*, 380 U.S. at 612–15; *Doyle*, 426 U.S. at 613–20. However, assuming without deciding that the State's misstatement was error, it was nonetheless not preserved for review. A defendant "may not complain because he received all of the relief he requested, and no adverse ruling." *Caron v. State*, 162 S.W.3d 614, 617 (Tex. App.—Houston [14th Dist.] 2005, no pet.) Failure to request further relief after an objection is sustained preserves nothing for review. *See Henderson v. State*, 617 S.W.2d 697, 698 (Tex. Crim. App. 1981); *Caron*, 162 S.W.3d at 617. Here, Hernandez's objection to the State's misstatement of the law ended when the trial court sustained it and corrected the prosecutor. Hernandez's third issue is overruled.

## V. LEGAL SUFFICIENCY

In his fourth issue, Hernandez challenges the legal sufficiency of the State's evidence on the ground that the State failed to prove the weight of the marihuana as charged in the indictment.

## A.    Standard of Review

We review challenges to the sufficiency of evidence using the *Jackson v. Virginia* standard.    *See* 443 U.S. 307, 318–19.    Having concluded that "no meaningful distinction" exists between a factual-sufficiency and legal-sufficiency standard, the court of criminal appeals held that the *Jackson* standard is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks v. State*, 323 S.W.3d 893, 893–903 (Tex. Crim. App. 2010) (plurality op.). Accordingly, we inquire whether "[c]onsidering all of the evidence in the light most favorable to the verdict, was a jury rationally justified in finding guilt beyond a reasonable doubt?"    *Id.* at 899.

"[S]ufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case."    *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997) (en banc).    Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried."    *Id.*; *Trevino v. State*, 228 S.W.3d 729, 736 (Tex. App.—Corpus Christi 2006, pet. ref'd).    Finally, in our review we are to "defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight given to their testimony."    *Brooks*, 323 S.W.3d at 899.

**B.     Analysis**

A person commits the crime of possession of marihuana (fifty pounds or less, but more than five pounds) if he:

(1) knowingly or intentionally possesses;

(2) a usable quantity of marihuana;

(3) in the amount of fifty pounds or less, but more than five pounds.

*See* Tex. Health & Safety Code Ann. § 481.121.

Hernandez solely challenged the State's evidence regarding the weight of the seized marihuana through a motion for directed verdict.[6]   Hernandez argued that the State did not meet its burden beyond a reasonable doubt because they weighed the contraband with the cellophane and some spray foam still included.   The State's witnesses testified that the marihuana, including the cellophane and some remnant spray foam, weighed a total of fourteen pounds.   The State introduced the marihuana bundles to the jurors, who were able to observe it as they were at the time of weigh-in.

The trial court instructed the jury in its charge that before convicting Hernandez, they had to believe "from the evidence beyond a reasonable doubt" that he possessed marihuana "50 pounds or less but more than 5 pounds."   The trial court further instructed that "if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict 'Not Guilty.'"

Because extra items were weighed by the State rather than the raw marihuana crop, Hernandez argued to the jury that the weight of the marihuana was put into

---

[6] "[A] motion for directed verdict is really a challenge to the sufficiency of the evidence. . . ."   *Garcia v. State*, 827 S.W.2d 25, 26 (Tex. App.—Corpus Christi 1992, no pet.).

question because it was weighed with the other items and could possibly weigh less than the five-pound statutory threshold for the offense. The jury apparently rejected this argument by its verdict. *See Marroquin v. State*, 746 S.W.2d 747, 749–50 (Tex. Crim. App. 1988) (en banc). It is well-established that "the jury is the sole judge of the witnesses' credibility and the weight given to their testimony." *Brooks*, 323 S.W.3d at 899. In this case, the jury appeared to be persuaded by Lerma's testimony that the wrapping and spray foam would "slightly increase" the weight of the drugs but "would not make a big difference" to affect the statutorily required weight element of the offense. In viewing the evidence in a light favorable to the verdict, we conclude that the jury was rationally justified in finding that the State carried its burden beyond a reasonable doubt regarding the weight element of the charged offense. *See id.*; *Marroquin*, 746 S.W.2d at 750. Hernandez's fourth issue is overruled.

## VI. CONCLUSION

We affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
31st day of May, 2012.

13