# NO. 12-10-00111-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *HENRY WALTER WOOTEN,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

---

## *MEMORANDUM OPINION*

Henry Walter Wooten appeals his conviction for possession of marijuana in a drug free zone. In three issues, Appellant contends that the evidence is factually insufficient to support his conviction and the trial court erroneously ordered that he pay restitution to the Smith County Collections Department. We modify and, as modified, affirm.

## BACKGROUND

On October 23, 2008, two Tyler police officers on bike patrol noticed a strong odor of marijuana coming from a vehicle in a nearby parking lot. Two males were seated inside the front of the vehicle. Appellant was on the driver's side of the vehicle talking with a female standing outside the door. When one of the officers asked if Appellant had any marijuana, he responded that he had a small bag in his pants pocket. When the other officer searched Appellant, he found seven clear sandwich bags containing a substance that appeared to be marijuana in Appellant's right pocket. The officer also found a metal Altoids box in Appellant's left pocket containing a substance that appeared to be marijuana. The female at the scene had a bag of marijuana in her possession as well. During the search of the vehicle, the officers found twenty-three sandwich bags containing what was later determined to be marijuana inside a canvas bag in the floorboard of the driver's side. The officers

also found a digital scale in the bag along with a box of sandwich bags. According to one of the officers, the vehicle was located less than 1,000 feet from a daycare center.

Appellant was charged by indictment with possession of more than four ounces of marijuana within 1,000 feet of a school. The indictment alleged that Appellant had two prior felony convictions. Appellant entered a plea of not guilty to the offense. At a jury trial, the State and Appellant each called an expert witness. Both experts testified to different weights of the marijuana seized at the scene: one under four ounces and one over four ounces. The lesser included offense of possession of marijuana under four ounces was submitted to the jury. The jury found Appellant guilty of the charged offense of possession of marijuana in a drug free zone in an amount of more than four ounces. During the punishment phase, Appellant entered a plea of true to both enhancement paragraphs. After the jury found the enhancement paragraphs true, the jury sentenced him to imprisonment for thirty-five years. The trial court sentenced Appellant accordingly and ordered him to pay $140 in restitution to the Smith County Collections Department. This appeal followed.

On March 31, 2011, this court entered a per curiam order, in which we held that there was no evidence to support the trial court's order of $140 in restitution. Accordingly, we abated the appeal, set aside the amount of restitution, and remanded the case to the trial court for a new restitution hearing.

On April 18, 2011, the trial court held the restitution hearing as ordered. At this hearing, the State abandoned any request for restitution for the lab fee. Appellant objected to the State's abandonment of the restitution claim and asked the trial court to find that restitution violates due process because it was awarded to a nonvictim. The trial court issued an order that contained findings of fact and conclusions of law relating to the restitution hearing and provided a reporter's record of the hearing.

## SUFFICIENCY OF THE EVIDENCE

In his first issue, Appellant challenges the factual sufficiency of the evidence supporting Appellant's conviction of possession of marijuana. Specifically, Appellant asserts that the evidence showing that the marijuana weighed less than four ounces greatly outweighed the conflicting evidence presented by the State.

2

**Standard of Review and Applicable Law**

The Texas Court of Criminal Appeals recently held that the *Jackson v. Virginia* legal sufficiency standard is the only standard a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See Brooks v. State,* 323 S.W.3d 893, 894-95 (Tex. Crim. App. 2010) (plurality op.). Appellant did not have the benefit of the court of criminal appeals' opinion in *Brooks* at the time he submitted his brief on the issue of factual sufficiency. Accordingly, we construe Appellant's issue liberally in the interest of justice and review it under the *Jackson* standard. *See, e.g.*, *White v. State*, 50 S.W.3d 31, 40 (Tex. App.–Waco 2001, pet. ref'd). Under this single sufficiency standard, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We defer to the trier of fact's responsibility to resolve conflicts in testimony, weigh evidence, and draw reasonable inferences from basic facts to ultimate facts. *Jackson,* 443 U.S. at 319, 99 S. Ct at 2789. *Hooper*, 214 S.W.3d at 13. Therefore, a reviewing court does not sit as a thirteenth juror and may not substitute its judgment for that of the fact finder by reevaluating the weight and credibility of the evidence. *See Brooks*, 323 S.W.3d at 899–900; *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). We resolve any inconsistencies in testimony in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

In this case, to obtain a conviction for possession of marijuana, the State was required to prove beyond a reasonable doubt that Appellant knowingly or intentionally possessed a usable quantity of marijuana, and that the amount possessed was five pounds or less but more than four ounces. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(3) (Vernon 2010). "Marijuana" means the plant Cannabis sativa L., the seeds of that plant, and every compound, manufacture, salt, derivative, mixture, or preparation of that plant. *Id*. § 481.002(26) (Vernon 2010). The definition of marijuana does not include (a) the mature stalks of the plant or fiber produced from the stalks or (b) the sterilized seeds of that plant that are incapable of beginning germination. *Id*. § 481.002(26)(B),(E). The state has the burden to prove the weight of any plastic bags in which the marijuana was found. *Marroquin v. State*, 746 S.W.2d 747, 749 (Tex. Crim. App. [En Banc] 1988). However, the state is not required

3

to negate an exception; rather, the person claiming the benefit of an exception has the burden of going forward with the evidence with respect to the exception. TEX. HEALTH & SAFETY CODE ANN. § 481.184(a)(Vernon 2010). Appellant has the burden to present evidence to show the substance identified as marijuana contained any parts excluded by the statutory definition. *Elkins v. State*, 543 S.W.2d 648, 650 (Tex. Crim. App. 1976); *Doggett v. State*, 530 S.W.2d 552, 555-56 (Tex. Crim. App. 1975).

**Discussion**

The sole focus of Appellant's sufficiency challenge is on the proof of the weight of the marijuana that he possessed. The State introduced into evidence the marijuana and plastic baggies found on Appellant and in the vehicle on October 23, 2008. Forensic chemist Claybion Cloud testified that the Department of Public Safety Crime Lab received the evidence on November 11, 2008, and he performed the analysis on December 1-2, 2008. Cloud explained that to determine the weight of the marijuana itself, he first weighed both the marijuana and the packaging together to determine the gross weight. Next, he removed the marijuana from one bag, weighed the bag, and multiplied that number times the thirty baggies. He also removed the marijuana from a separate heat-sealed bag and weighed the bag. He added the two weights for the packaging and determined the weight was 1.06 ounces. Finally, he subtracted this weight from the gross weight to conclude that the weight of the marijuana itself was 4.6 ounces. There was no testimony concerning the gross weight of the marijuana and packaging together. Cloud testified that it was commonly accepted to weigh one bag and multiply by the number of bags found rather than weighing all the baggies individually. Further, he stated that he did not remove all the marijuana from each of the bags and combine only the marijuana to weigh it. He subsequently conducted two destructive tests to determine that the substance in each bag was actually marijuana. These tests destroyed the sample of marijuana extracted from the thirty-one different bags. Therefore, the most accurate weight is calculated before destroying any of the substance.

Tom Thompson, a medical technologist, testified for the defense. He tested the evidence on January 29, 2010, almost fourteen months after Cloud's testing. Thompson determined the weight of the marijuana itself was 3.5365 ounces and the gross weight of the marijuana and the packaging together was 4.596 ounces. Both experts testified that the weight of the packaging alone was 1.06 ounces. However, Thompson's results showed the marijuana weighed 1.06 ounces less than Cloud's

4

results. Appellant argues that since the 4.6 ounce gross weight Thompson reported is the same number Cloud reported, Cloud must have considered packaging in his 4.6 ounce weight determination. However, Cloud specifically testified that the weight did not include the packaging. He further testified that, in conducting the two subsequent tests, he used and discarded thirty-one different samples (each about half a test tube) after weighing the marijuana. The record also reveals that both experts testified that the loss of weight could most likely be attributed to dehydration.

Appellant also points out that Thompson's report shows the marijuana contains seeds and stems. To claim the benefit of this exclusion, however, Appellant had the burden to show the stalks were mature or the seeds were sterilized seeds that are incapable of beginning germination. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.002(26)(B), (E) (excludes mature stalks and sterilized seeds incapable of germination), § 481.184(a) (person claiming benefit of exception has burden of going forward with evidence with respect to the exception); *Elkins v. State*, 543 S.W.2d 648, 650 (Tex. Crim. App. 1976) (appellant has burden to present evidence to show substance identified as marijuana contained any parts excluded by the statutory definition).  Thompson testified only that there were seeds and stems lying around, but did not provide any testimony related to the maturity of the stalks, the sterilized nature of the seeds, or their incapacity to begin germination.

Viewing the evidence in the light most favorable to the verdict, the jury could have reasonably concluded that Cloud's weight more accurately reflected the weight at the time of the offense than did Thompson's analysis conducted almost fourteen months after Cloud's. Moreover, Thompson's analysis was conducted after samples were removed and dehydration may have occurred. Although the record contains evidence contrary to the jury's finding of guilt, we defer to the jury to resolve any conflicts in the testimony, to weigh the evidence, and to draw inferences. *Jackson,* 443 U.S. at 319, 99 S. Ct at 2789; *Hooper*, 214 S.W.3d at 13.  The jury was free to believe Cloud's testimony and disregard Thompson's.  Accordingly, a rational jury could have found the essential elements of the offense of possession of marijuana less than five pounds but more than four ounces beyond a reasonable doubt.  *See* *King v. State*, 856 S.W.2d 610, 613-14 (Tex. App.–Waco 1993, no pet.) (evidence sufficient for jury to find defendant possessed more than four ounces of marijuana when State's expert weight was 4.15 ounces one month after offense, and defendant's expert weight was 3.93 ounces a year later; State's expert testified weight loss was due to water loss, and .13 ounces was used in conducting later analysis and discarded).  Therefore, the evidence is sufficient under the

5

*Jackson* standard to support the jury's finding of guilt. We overrule Appellant's first issue.

## RESTITUTION

In his second and third issues, Appellant argues that the trial court abused its discretion in ordering restitution payable to the Smith County Collections Department. An appellate court reviews challenges to restitution orders under an abuse of discretion standard. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. [Panel Op.] 1980); *Drilling v. State*, 134 S.W.3d 468, 469 (Tex. App.—Waco 2004, no pet.). An abuse of discretion by the trial court in setting the amount of restitution will implicate due process considerations. *Campbell v. State*, 5 S.W.3d 693, 696 (Tex. Crim. App. 1999). Due process places three separate limits on the restitution a trial court may order: (1) the amount must be just and supported by a factual basis within the record, (2) the restitution ordered must be only for the offense for which the defendant is criminally responsible, and (3) the restitution must be for the victim or victims of the offense for which the offender is charged. *See Campbell*, 5 S.W.3d at 696-97; *Drilling*, 134 S.W.3d at 470; *Cantrell v. State*, 75 S.W.3d 503, 512 (Tex. App.—Texarkana 2002, pet. ref'd). Further, there must be sufficient evidence in the record to support the trial court's order. *Cartwright*, 605 S.W.2d at 289. The standard of proof for determining restitution is a preponderance of the evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.037(k) (Vernon Supp. 2010). The burden of proving the amount of loss sustained by the victim is on the prosecuting attorney. *Id.*

In his second issue, Appellant argues that the trial court lacked the authority to order restitution to an entity that was not a victim of the charged offense. In his third issue, Appellant argues that there is no evidence to support the restitution amount ordered. The written judgment includes a restitution assessment of $140 payable to Smith County Collections Department. The State argues that Appellant's failure to object to the restitution order waived his complaint on appeal. However, whether a sufficient factual basis exists for a particular restitution order could be considered an evidentiary sufficiency question that need not be preserved by objection at the trial level. *Idowu v. State*, 73 S.W.3d 918, 922 (Tex. Crim. App. 2002); *see Riggs v. State*, No. 05-05-01689-CR, 2007 Tex. App. LEXIS 2589, at *14 (Tex. App.—Dallas Apr. 3, 2007, no pet.) (mem. op., not designated for publication) (defendant could raise sufficiency of evidence on restitution order for first time on appeal). Therefore, although Appellant did not raise in the trial court

any opposition to the restitution assessment, an objection was not needed at the trial court to preserve the sufficiency of the evidence for appeal. *See **id***.

At the restitution hearing on remand, the State abandoned its request for the $140 restitution. The clerk's record contains no evidence to support the specific amount of restitution ordered by the trial court. Further, there is nothing in the reporter's record of the trial or in the actual pronouncement of sentencing that mentions any restitution that should be ordered. Therefore, because the record contains no evidence to support the amount of restitution and the State abandoned its claim for restitution, we hold that the trial court's order that Appellant pay $140 in restitution to the Smith County Collections Department was erroneous. We sustain Appellant's third issue.[1]

## DISPOSITION

We modify the judgment to delete the order that Appellant pay $140 in restitution. We ***affirm*** the judgment of the trial court ***as modified***.

JAMES T. WORTHEN
Chief Justice

Opinion delivered June 8, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[1] Having sustained Appellant's third issue, we need not address Appellant's second issue. *See* TEX. R. APP. 47.1.

7