NO.
12-10-00111-CR

                  

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

HENRY
WALTER WOOTEN,                          §                 APPEAL FROM THE 7TH

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE STATE OF TEXAS,

APPELLEE                                                        §                 SMITH
COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION

            Henry
Walter Wooten appeals his conviction for possession of marijuana in a
drug free zone.  In three issues, Appellant contends that the evidence is
factually insufficient to support his conviction and the trial court
erroneously ordered that he pay restitution to the Smith County Collections
Department.  We modify and, as modified, affirm.

 

Background

            On
October 23, 2008, two Tyler police officers on bike patrol noticed a strong
odor of marijuana coming from a vehicle in a nearby parking lot. Two males were
seated inside the front of the vehicle. Appellant was on the driver’s side of
the vehicle talking with a female standing outside the door. When one of the
officers asked if Appellant had any marijuana, he responded that he had a small
bag in his pants pocket. When the other officer searched Appellant, he found
seven clear sandwich bags containing a substance that appeared to be marijuana
in Appellant’s right pocket. The officer also found a metal Altoids box in
Appellant’s left pocket containing a substance that appeared to be marijuana.
The female at the scene had a bag of marijuana in her possession as well.
During the search of the vehicle, the officers found twenty-three sandwich bags
containing what was later determined to be marijuana inside a canvas bag in the
floorboard of the driver’s side.  The officers also found a digital scale in
the bag along with a box of sandwich bags. According to one of the officers,
the vehicle was located less than 1,000 feet from a daycare center.

            Appellant
was charged by indictment with possession of more than four ounces of marijuana
within 1,000 feet of a school.  The indictment alleged that Appellant had two
prior felony convictions.  Appellant entered a plea of not guilty to the
offense. At a jury trial, the State and Appellant each called an expert witness.
 Both experts testified to different weights of the marijuana seized at the
scene: one under four ounces and one over four ounces.  The lesser included
offense of possession of marijuana under four ounces was submitted to the
jury.  The jury found Appellant guilty of the charged offense of possession of marijuana
in a drug free zone in an amount of more than four ounces.  During the
punishment phase, Appellant entered a plea of true to both enhancement
paragraphs.  After the jury found the enhancement paragraphs true, the jury
sentenced him to imprisonment for thirty-five years. The trial court sentenced
Appellant accordingly and ordered him to pay $140 in restitution to the Smith
County Collections Department.  This appeal followed.

            On
March 31, 2011, this court entered a per curiam order, in which we held that
there was no evidence to support the trial court’s order of $140 in
restitution. Accordingly, we abated the appeal, set aside the amount of
restitution, and remanded the case to the trial court for a new restitution
hearing.

            On
April 18, 2011, the trial court held the restitution hearing as ordered. At
this hearing, the State abandoned any request for restitution for the lab fee.
Appellant objected to the State’s abandonment of the restitution claim and
asked the trial court to find that restitution violates due process because it
was awarded to a nonvictim. The trial court issued an order that contained
findings of fact and conclusions of law relating to the restitution hearing and
provided a reporter’s record of the hearing.

 

Sufficiency
of the Evidence

In his first issue, Appellant
challenges the factual sufficiency of the evidence supporting Appellant’s
conviction of possession of marijuana.  Specifically, Appellant asserts that
the evidence showing that the marijuana weighed less than four ounces greatly
outweighed the conflicting evidence presented by the State.

 

Standard
of Review and Applicable Law

The Texas Court of Criminal Appeals recently held that the Jackson
v. Virginia legal sufficiency standard is the only standard a reviewing court
should apply in determining whether the evidence is sufficient to support each
element of a criminal offense that the state is required to prove beyond a
reasonable doubt. See Brooks v. State, 323 S.W.3d 893, 894-95
(Tex. Crim. App. 2010) (plurality op.). Appellant did not have the benefit of the court of criminal
appeals’ opinion in Brooks at the time he submitted his brief on
the issue of factual sufficiency.  Accordingly, we construe Appellant’s issue liberally in the interest of justice and
review it under the Jackson standard.  See, e.g., White
v. State, 50 S.W.3d 31, 40 (Tex. App.–Waco 2001, pet. ref’d). Under this single sufficiency
standard, we view the evidence in the light most favorable to the verdict and
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); Hooper
v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).  We defer to the
trier of fact’s responsibility to resolve conflicts in testimony, weigh
evidence, and draw reasonable inferences from basic facts to ultimate facts. Jackson,
443 U.S. at 319, 99 S. Ct at 2789. Hooper, 214 S.W.3d at 13.
Therefore, a reviewing court does not sit as a thirteenth juror and may not
substitute its judgment for that of the fact finder by reevaluating the weight
and credibility of the evidence. See Brooks, 323 S.W.3d at
899–900; Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App.
1999).  We resolve any inconsistencies in testimony in favor of the verdict. Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

            In this case, to obtain a conviction for possession of
marijuana, the State was required to prove beyond a reasonable doubt that
Appellant knowingly
or intentionally possessed a usable quantity of marijuana, and that the amount
possessed was five pounds or less but more than four ounces. See Tex. Health & Safety Code Ann. §
481.121(b)(3) (Vernon 2010). “Marijuana” means the plant
Cannabis sativa L., the seeds of that plant, and every compound, manufacture,
salt, derivative, mixture, or preparation of that plant.  Id. §
481.002(26) (Vernon 2010).  The definition of marijuana does not include (a)
the mature stalks of the plant or fiber produced from the stalks or (b) the
sterilized seeds of that plant that are incapable of beginning germination. Id.
§ 481.002(26)(B),(E). The state has the burden to prove the weight of any
plastic bags in which the marijuana was found. Marroquin v. State,
746 S.W.2d 747, 749 (Tex. Crim. App. [En Banc] 1988). However, the state is not
required to negate an exception; rather, the person claiming the benefit of an
exception has the burden of going forward with the evidence with respect to the
exception. Tex. Health & Safety Code
Ann. § 481.184(a)(Vernon 2010).  Appellant has the burden to present
evidence to show the substance identified as marijuana contained any parts
excluded by the statutory definition. Elkins v. State, 543 S.W.2d
648, 650 (Tex. Crim. App. 1976); Doggett v. State, 530 S.W.2d
552, 555-56 (Tex. Crim. App. 1975). 

Discussion

            The
sole focus of Appellant’s sufficiency challenge is on the proof of the weight
of the marijuana that he possessed.  The State introduced into evidence the marijuana
and plastic baggies found on Appellant and in the vehicle on October 23, 2008. 
Forensic chemist Claybion Cloud testified that the Department of Public Safety
Crime Lab received the evidence on November 11, 2008, and he performed the
analysis on December 1-2, 2008.  Cloud explained that to determine the weight
of the marijuana itself, he first weighed both the marijuana and the packaging
together to determine the gross weight.  Next, he removed the marijuana from
one bag, weighed the bag, and multiplied that number times the thirty baggies.
He also removed the marijuana from a separate heat-sealed bag and weighed the
bag.  He added the two weights for the packaging and determined the weight was
1.06 ounces.  Finally, he subtracted this weight from the gross weight to
conclude that the weight of the marijuana itself was 4.6 ounces. There was no
testimony concerning the gross weight of the marijuana and packaging together.
Cloud testified that it was commonly accepted to weigh one bag and multiply by
the number of bags found rather than weighing all the baggies individually.
Further, he stated that he did not remove all the marijuana from each of the
bags and combine only the marijuana to weigh it. He subsequently conducted two
destructive tests to determine that the substance in each bag was actually marijuana.
These tests destroyed the sample of marijuana extracted from the thirty-one
different bags. Therefore, the most accurate weight is calculated before
destroying any of the substance.

Tom
Thompson, a medical technologist, testified for the defense. He tested the
evidence on January 29, 2010, almost fourteen months after Cloud’s testing.
Thompson determined the weight of the marijuana itself was 3.5365 ounces and
the gross weight of the marijuana and the packaging together was 4.596 ounces.
Both experts testified that the weight of the packaging alone was 1.06 ounces.
However, Thompson’s results showed the marijuana weighed 1.06 ounces less than
Cloud’s results. Appellant argues that since the 4.6 ounce gross weight
Thompson reported is the same number Cloud reported, Cloud must have considered
packaging in his 4.6 ounce weight determination. However, Cloud specifically
testified that the weight did not include the packaging.  He further testified
that, in conducting the two subsequent tests, he used and discarded thirty-one
different samples (each about half a test tube) after weighing the marijuana.
The record also reveals that both experts testified that the loss of weight
could most likely be attributed to dehydration. 

Appellant
also points out that Thompson’s report shows the marijuana contains seeds and
stems. To claim the benefit of this exclusion, however, Appellant had the
burden to show the stalks were mature or the seeds were sterilized seeds that are
incapable of beginning germination.
 See Tex. Health & Safety Code Ann. § 481.002(26)(B), (E) (excludes
mature stalks and sterilized seeds incapable of germination), § 481.184(a)
(person claiming benefit of exception has burden of going forward with evidence
with respect to the exception); Elkins v. State, 543 S.W.2d 648,
650 (Tex. Crim. App. 1976) (appellant has burden to present evidence to show
substance identified as marijuana contained any parts excluded by the statutory
definition).  Thompson
testified only that there were seeds and stems lying around, but did not
provide any testimony related to the maturity of the stalks, the sterilized
nature of the seeds, or their incapacity to begin germination.

            Viewing the evidence in the light most favorable to
the verdict, the
jury could have reasonably concluded that Cloud’s weight more accurately
reflected the weight at the time of the offense than did Thompson’s analysis
conducted almost fourteen months after Cloud’s. Moreover, Thompson’s analysis
was conducted after samples were removed and dehydration may have occurred. Although the record
contains evidence contrary to the jury’s finding of guilt, we defer to the jury
to resolve any conflicts in the testimony, to weigh the evidence, and to draw
inferences. Jackson, 443 U.S. at 319, 99 S. Ct at
2789; Hooper, 214 S.W.3d at 13.  The
jury was free to believe Cloud’s testimony and disregard Thompson’s.  Accordingly, a rational jury could have found the
essential elements of the offense of possession of marijuana
less than five pounds but more than four ounces beyond a reasonable doubt.  See
King v. State, 856 S.W.2d 610, 613-14 (Tex. App.–Waco 1993, no
pet.) (evidence sufficient for jury to find defendant possessed more than four
ounces of marijuana when State’s expert weight was 4.15 ounces one month after
offense, and defendant’s expert weight was 3.93 ounces a year later; State’s
expert testified weight loss was due to water loss, and .13 ounces was used in
conducting later analysis and discarded).  Therefore, the evidence is
sufficient under the Jackson standard to support the jury’s
finding of guilt. We overrule Appellant's first
issue.

 

Restitution

            In
his second and third issues, Appellant argues that the trial court abused its
discretion in ordering restitution payable to the Smith County Collections
Department. An appellate court reviews challenges to restitution orders under
an abuse of discretion standard.  Cartwright v. State, 605 S.W.2d
287, 289 (Tex. Crim. App. [Panel Op.] 1980); Drilling v. State,
134 S.W.3d 468, 469 (Tex. App.—Waco 2004, no pet.).  An abuse of discretion by
the trial court in setting the amount of restitution will implicate due process
considerations.  Campbell v. State, 5 S.W.3d 693, 696 (Tex. Crim.
App. 1999).  Due process places three separate limits on the restitution a
trial court may order: (1) the amount must be just and supported by a factual
basis within the record, (2) the restitution ordered must be only for the
offense for which the defendant is criminally responsible, and (3) the
restitution must be for the victim or victims of the offense for which the
offender is charged.  See Campbell, 5 S.W.3d at 696-97; Drilling,
134 S.W.3d at 470; Cantrell v. State, 75 S.W.3d 503, 512 (Tex.
App.—Texarkana 2002, pet. ref’d). Further, there must be sufficient evidence in
the record to support the trial court's order.  Cartwright, 605
S.W.2d at 289. The standard of proof for determining restitution is a
preponderance of the evidence.  See Tex.
Code Crim. Proc. Ann. art. 42.037(k) (Vernon Supp. 2010).  The burden of
proving the amount of loss sustained by the victim is on the prosecuting
attorney.  Id.  

            In
his second issue, Appellant argues that the trial court lacked the authority to
order restitution to an entity that was not a victim of the charged offense. 
In his third issue, Appellant argues that there is no evidence to support the
restitution amount ordered. The written judgment includes a restitution
assessment of $140 payable to Smith County Collections Department.  The State
argues that Appellant’s failure to object to the restitution order waived his
complaint on appeal.  However, whether a sufficient factual basis exists for a
particular restitution order could be considered an evidentiary sufficiency
question that need not be preserved by objection at the trial level. Idowu
v. State, 73 S.W.3d 918, 922 (Tex. Crim. App. 2002); see Riggs v.
State, No. 05-05-01689-CR, 2007 Tex. App. LEXIS 2589, at *14 (Tex.
App.—Dallas Apr. 3, 2007, no pet.) (mem. op., not designated for publication)
(defendant could raise sufficiency of evidence on restitution order for first
time on appeal). Therefore, although Appellant did not raise in the trial court
any opposition to the restitution assessment, an objection was not needed at
the trial court to preserve the sufficiency of the evidence for appeal. See
id.

            At
the restitution hearing on remand, the State abandoned its request for the $140
restitution. The clerk’s record contains no evidence to support the specific
amount of restitution ordered by the trial court. Further, there is nothing in
the reporter’s record of the trial or in the actual pronouncement of sentencing
that mentions any restitution that should be ordered. Therefore, because the
record contains no evidence to support the amount of restitution and the State
abandoned its claim for restitution, we hold that the trial court’s order that
Appellant pay $140 in restitution to the Smith County Collections Department
was erroneous. We sustain Appellant’s third issue.[1]


 

Disposition

            We
modify the judgment to delete the order that Appellant pay $140 in restitution.
We affirm the judgment of the trial court as modified.

 

                   

                                                                    James
T. Worthen

                                                                                        
Chief Justice

 

 

Opinion delivered June 8, 2011.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)


 
 
 
 
 
 
 
  
 
 
 
 
 
  
 












                        [1] Having sustained
Appellant’s third issue, we need not address Appellant’s second issue. See
Tex. R. App. 47.1.