**MODIFY, REFORM, and AFFIRM; and Opinion Filed August 11, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00638-CR

### ADRIAN ROOSEVELT MCDANIEL, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the Criminal District Court No. 1
### Dallas County, Texas
### Trial Court Cause No. F-1457439-H

## MEMORANDUM OPINION

Before Justices Bridges, Evans, and Richter[1]
Opinion by Justice Richter

Appellant Adrian Roosevelt McDaniel pleaded not guilty to the offense of possession of

marijuana in an amount of five pounds or less but more than four ounces. He also pleaded not

true to two enhancement paragraphs. A jury convicted appellant as charged, found both

enhancement paragraphs to be true, and sentenced him to thirteen years in prison. Appellant

raises nine issues on appeal. He challenges the legal sufficiency of the evidence to support his

conviction. He complains that the trial court erred by failing to include the statutory definition of

marijuana in the jury charge, refusing to instruct the jury to disregard a witness's comment

regarding appellant's post-arrest silence, denying appellant's motions for mistrial, and overruling

appellant's objection to the State's use of a prior conviction. In addition, appellant contends the

---

[1] The Honorable Martin Richter, Justice of the Court of Appeals for the Fifth District of Texas at Dallas, Retired, sitting by assignment.

judgment should be reformed to properly reflect his plea of not true to the enhancement paragraphs. Because all dispositive issues are well-settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment as modified.

## I. BACKGROUND

Dallas police officers were dispatched to a Dallas apartment complex to investigate an allegation that appellant had assaulted an upstairs neighbor. The officers knocked on the door of the first-floor apartment where they believed appellant was located. Appellant refused to open the door. After obtaining a warrant, the officers entered the apartment, arrested appellant, and searched the apartment. During their search, the police found approximately 204.6 grams of marijuana and $500 cash.

A grand jury indicted appellant with possession of marijuana in an amount of five pounds or less but more than four ounces.[2] Appellant pleaded not guilty and a jury convicted him of the offense of possession of marijuana in an amount of five pounds or less but more than four ounces. The jury found two enhancement paragraphs to be true and sentenced appellant to thirteen years in prison. This appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE

Appellant's first and second issues challenge the sufficiency of the evidence to support his conviction. First, appellant asserts the State failed to prove he was in possession of marijuana. Second, appellant contends the State failed to prove the weight of the seized marijuana exceeded four ounces, the threshold requirement for state felony possession of marijuana.

---

[2] Appellant was also charged in a separate indictment with aggravated assault with a deadly weapon. Appellant's aggravated assault and possession of marijuana cases were tried together. The trial court granted appellant's motion for mistrial in the aggravated assault case after the jury failed to reach a unanimous verdict on that charge. The aggravated assault case is not before this Court on appeal.

## A. Standard of Review

We review the sufficiency of the evidence under the standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Acosta v. State*, 429 S.W.3d 621, 624 (Tex. Crim. App. 2014). We examine all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Acosta*, 429 S.W.3d at 624–25. The jury resolves any conflicts in the testimony and determines the credibility of witnesses and the weight to be given to their testimony. *See Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). Our duty is to ensure the evidence the State presented supports the jury's verdict and the State has presented a legally sufficient case of the offense charged. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012).

## B. Applicable Law

A person commits the offense of possession of marijuana if he knowingly or intentionally possesses a usable quantity of marijuana. TEX. HEALTH & SAFETY CODE ANN. § 481.121(a) (West 2010). Such an offense is a state jail felony if the amount of marijuana possessed is five pounds or less but more than four ounces. *Id.* § 481.121(b)(3). To prove unlawful possession of a controlled substance, the State must prove beyond reasonable doubt that the defendant exercised dominion over the substance and that he knew it to be contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). Regardless of whether this evidence is direct or circumstantial, it must establish that a defendant's connection to the contraband was more than fortuitous. *Blackman v. State*, 350 S.W.3d 588, 594–95 (Tex. Crim. App. 2011). Thus, mere presence at the location where drugs are found is insufficient, by itself, to establish the requisite degree of control to support a conviction. *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006). That said, possession need not be exclusive. *Henry v. State*, 409 S.W.3d 37, 42 (Tex.

App.—Houston [1st Dist.] 2013, no pet.). When the defendant is not in exclusive possession of the place where the substance is found, there must be additional independent facts and circumstances that link him to the contraband. *Poindexter*, 153 S.W.3d at 406. Texas courts have recognized a "non-exclusive" list of circumstances supporting an inference of possession. *Evans*, 202 S.W.3d at 162 n.12 (listing same). It is not the number of links that is dispositive; rather, it is the logical force of all the evidence, both direct and circumstantial. *Taylor v. State*, 106 S.W.3d 827, 831 (Tex. App.—Dallas 2003, no pet.).

## C. Possession

In his first issue, appellant contends the State failed to link him to the marijuana the police seized from the apartment. However, the evidence establishes several factors that link appellant to the marijuana found in the apartment.

Stephen Pawandiwa testified that he lived in an apartment on Community Drive in Dallas, Texas, and appellant lived in the apartment directly below his. Pawandiwa stated appellant had been living there for approximately a month-and-a-half, and he thought appellant lived in the apartment by himself. According to Pawandiwa, he did not know appellant well; they were just neighbors. Pawandiwa saw appellant in the mornings when Pawandiwa was coming home from work, and they would exchange general conversation. Pawandiwa remembered being in appellant's apartment on five occasions. On August 5, 2014, appellant called Pawandiwa and asked if they could talk. Pawandiwa testified that he went downstairs, and appellant invited him into the apartment. Appellant told Pawandiwa his marijuana was missing, accused Pawandiwa of taking it, and began beating Pawandiwa. Pawandiwa later reported to hospital personnel that his "neighbor" hit him with a dumbbell.

Riedrick Alceus, a Dallas police officer, testified that on August 6, 2014, he and his partner arrived at appellant's apartment around 11:30 p.m. Appellant talked to them through the

–4–

door but refused to open the door, stating he did not believe they were police officers. Officer Alceus called his sergeant and other police officers for assistance. While waiting for a search warrant, police officers remained at the apartment, continually knocking on the door or windows in an attempt to get appellant to open the door. Once the police obtained a search warrant, they entered the apartment and arrested appellant. Appellant was the only person inside the apartment.

Gregory White, a Dallas police officer, testified that he and his partner searched the apartment and found a large baggie containing smaller bags of what he believed to be marijuana located in a clothes hamper inside a bedroom closet. White also found approximately $500 in the pocket of a coat hanging on the wall. White's partner found more marijuana elsewhere in the apartment.

Appellant testified he did not live in the apartment where he was arrested and the marijuana was found; he stated that he lived with his sister in DeSoto. However, he acknowledged spending time at the apartment smoking marijuana. And he admitted selling ten and twenty dollar bags of marijuana to customers who came to the apartment. But he denied having exclusive use of the apartment and testified that none of the items found in the apartment belonged to him. According to appellant, he did not have a ride to his sister's house so he spent the evening at the apartment watching television. He went to sleep in the bedroom around 11:00 p.m. When he heard knocking on the door, he did not open the door because he did not know who was knocking.

While appellant's mere presence in the apartment where the marijuana was found may not have been sufficient, in itself, to establish his control over it, he was not merely present in the apartment. Viewed in the light most favorable to the verdict, the evidence establishes that appellant occupied the apartment off and on for approximately a month-and-a-half. Appellant

slept at the apartment. Appellant sold marijuana out of the apartment. Appellant controlled access to the apartment by keeping the door locked from the inside and refusing the officers' repeated requests to open the door. Appellant was alone in the apartment when the officers entered. And the officers found $500 cash in a coat pocket and a large baggie containing smaller bags of marijuana inside a clothes hamper in the bedroom closet. We conclude that the logical force of all the evidence in this case, both direct and circumstantial, coupled with reasonable inferences from the evidence, is sufficient to connect appellant to the actual care, custody, control, or management of the marijuana found in the apartment. *See Evans*, 202 S.W.3d at 166; *see also Burrell v. State*, 445 S.W.3d 761, 766–67 (Tex. App.—Houston [1st Dist.] 2014, pet ref'd). We overrule appellant's first issue.

### D. *State Felony Possession*

In his second issue, appellant contends the State failed to prove that the weight of the seized marijuana exceeded four ounces, the threshold requirement for felony possession of marijuana. Marijuana means "the plant Cannabis sativa L., whether growing or not, the seeds of that plant, and every compound, manufacture, salt, derivative, mixture, or preparation of that plan or its seeds." TEX. HEALTH & SAFETY CODE ANN. § 481.002(26) (West Supp. 2015). The term does not include, among other things, the mature stalks of the plant or the sterilized seeds of the plant that are incapable of beginning germination. *Id*. § 481.002(26)(B), (E). Appellant challenges the evidence that the seized marijuana weighed more than four ounces because the State's expert did not remove stems smaller than a fourth of an inch and sterilized seeds before weighing the marijuana.

Officer White testified that he placed all of the seized marijuana into a narcotics evidence bag and took it to Lew Sterret Jail to be logged into evidence. Before placing the marijuana into

the police lockbox, White weighed the marijuana and determined it had a total weight of 204.6 grams, the equivalent of 7.217 ounces.

Danylle Kightlinger, a drug chemist with Southwestern Institute of Forensic Sciences (SWIFS), tested a portion of the substance contained in the sealed evidence bag. During her testimony, she described the testing utilized to confirm that the substance was marijuana. She also described how the marijuana was weighed. The weight of the tested marijuana was 5.0455 plus or minus 0.0052 ounces. Kightlinger stated that she did not test or weigh all of the seized substance. It is SWIFS policy to analyze a substance up to a known weight range. In this case, the analyzed material exceeded the weight threshold of four ounces and tests of the remaining substance would not have reached the next weight range of five pounds. On cross-examination, Kightlinger testified that she removed any stems greater than a fourth of an inch prior to weighing the tested marijuana. She did not remove any of the seeds. Defense counsel asked whether the weight of the marijuana would be less than four ounces if she had removed the seeds. Kightlinger responded that she analyzed more than four ounces of marijuana; however, she could not determine the weight without the seeds. She also stated that although she did not know the exact number of seeds in the bags, the seeds were not the majority of the bag.

The jury determines the credibility of witnesses and the weight to be given to their testimony. *See Winfrey*, 393 S.W.3d at 768. The jury heard Officer White's testimony that the total weight of the seized marijuana was over seven ounces. The jury heard Kightlinger's testimony that she tested over five ounces of marijuana but she did not test or weigh all of the seized marijuana. And the jury saw the bag containing the marijuana analyzed by Kightlinger. After viewing the bag with the analyzed portion of marijuana, the jury could have determined that the quantity of seeds was so negligible that the weight of the analyzed marijuana would have exceeded four ounces even if the sterilized seeds had been removed. Further, the jury could have

determined that even if the removal of sterilized seeds from the analyzed marijuana decreased the weight to below four ounces, the combined weight of all the seized marijuana without the sterilized seeds weighed more than four ounces. Examining all the evidence in the light most favorable to the verdict, we conclude that a rational jury could have found beyond a reasonable doubt that appellant knowingly possessed more than four ounces of marijuana. We overrule appellant's second issue.

### III. DEFINITION OF MARIJUANA

In his third issue, appellant complains that the jury charge contained error because it did not instruct the jury on the statutory definition of marijuana and the statutory exclusions from the definition of marijuana. Appellant did not object to the jury charge at trial.

### A. Standard of Review and Applicable Law

In reviewing alleged jury charge error, we first determine whether error exists. *Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015); *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). A trial court has a duty and responsibility to instruct the jury on the law applicable to the case. TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). The trial court is required to instruct the jury on each statutory definition that affects the meaning of an element of the offense. *Villarreal v. State*, 286 S.W.3d 321, 329 (Tex. Crim. App. 2009). As discussed above, marijuana has a statutory definition, and whether a particular substance is marijuana is an integral element of the offense of possession of marijuana. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.002(26). Therefore, the omission of the definition of marijuana from the charge was error. *See Pena v. State*, No. 04-13-00358-CR, 2014 WL 5020032, at *4 (Tex. App.—San Antonio Oct. 8, 2004, no pet.).

The trial court did not err, however, in omitting an instruction on the statutory exclusions from the definition of marijuana. The definition excludes the mature stalks of the plant and the sterilized seeds. *Id.* § 481.002(26)(B), (E). But the code also provides:

> The State is not required to negate an exemption or exception provided by this chapter in a complaint, information, indictment, or other pleading or in any trial, hearing, or other proceeding under this chapter. A person claiming the benefit of an exemption or exception has the burden of going forward with the evidence with respect to the exemption or exception.

TEX. HEALTH & SAFETY CODE ANN. § 481.184(a) (West 2010). Before a defendant may request an instruction that certain materials are not included in the definition of marijuana, he must put on evidence that the substances alleged by the State to be marijuana contained material excluded by statute. *See Elkins v. State*, 543 S.W.2d 648, 650 (Tex. Crim. App. 1976). In this case, appellant did not present any evidence that the marijuana found in the apartment contained any material excluded from the definition of marijuana.

Appellant claims he introduced evidence that Kightlinger weighed and analyzed portions of the marijuana plant that are excluded in the statutory definition. He points to his cross-examination of Kightlinger in which she testified that she did not remove any of the seeds before weighing the analyzed marijuana, and did not remove and germinate the seeds to determine whether any of the seeds were sterilized. The statutory definition of marijuana expressly includes "the seeds of that plant." *See* TEX. HEALTH & SAFETY CODE ANN. § 481.002(26). Only sterilized seeds that are incapable of germination are excluded from the definition. *Id.* Defense counsel's questions regarding nongerminating seeds are not evidence that the seeds included in the analyzed marijuana were sterilized seeds. There is nothing in the record to indicate that appellant had the marijuana analyzed independently, or that he presented any evidence that the analyzed marijuana contained any material excluded from the definition of marijuana. Thus, even if appellant had requested a special instruction on the statutory exclusions from marijuana,

he would not have been entitled to the instruction. *See Elkins*, 543 S.W.2d at 650; *see also Pena*, 2014 WL 5020032, at *4.

Because appellant did not object to the trial court's failure to define marijuana in its charge, we may reverse his conviction only if he suffered egregious harm from that omission. *Ngo v. State*, 175 S.W.3d 738, 750 (Tex. Crim. App. 2005); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). "Errors that result in egregious harm are those that affect 'the very basis of the case,' 'deprive the defendant of a valuable right,' or 'vitally affect a defensive theory.'" *Ngo*, 175 S.W.3d at 750. There is nothing in the record to suggest that the trial court's failure to include the definition of marijuana in the charge caused appellant egregious harm. Although appellant's primary defensive strategy was to show that he did not possess the marijuana, he also argued that the weight of the marijuana was not within the felony range for possession of marijuana. The trial court's jury charge included an instruction for the lesser-included offense of possession of marijuana in an amount of four ounces or less but more than two ounces.

We reject appellant's contention that exclusion of the definition of marijuana from the jury charge resulted in egregious harm to appellant. Appellant's third issue is overruled.

## IV.  REQUEST FOR CURATIVE INSTRUCTION AND MISTRIAL

Appellant argues in his fourth and fifth issues that the trial court erred by denying a curative instruction and a mistrial after sustaining his objection to an improper comment by Officer Alceus regarding appellant's post-arrest silence. Officer Alceus testified as follows:

> STATE:     And your role in this offense was to place the Defendant under arrest?
>
> OFFICER:   Yes, sir.
>
> STATE:     Where did you take him after that?

OFFICER:     We took him down to headquarters.  After that, he didn't want to speak to the detectives.

The trial court sustained defense counsel's objection, but denied his request for an instruction to disregard and motion for mistrial.

Error occurs when a court sustains an objection but fails to give the requested instruction to disregard.  *Moreno v. State*, 821 S.W.2d 344, 354 (Tex. App.—Waco 1991, pet. ref'd); *see also Munoz v. State*, Nos. 05-13-00914-CR & 05-13-00915-CR, 2014 WL 7399331, at *5 (Tex. App.—Dallas Dec. 15, 2014, no pet.) (not designated for publication).  A comment on a defendant's post-arrest silence violates his Fifth Amendment privilege against self-incrimination.  *See* U.S. CONST. amend. V; *Dinkins v. State*, 894 S.W.2d 330, 356 (Tex. Crim. App. 1995).  When confronted with such an error, we must reverse unless we conclude beyond a reasonable doubt that the error did not contribute to appellant's conviction or punishment.  TEX. R. APP. P. 44.2(a); *Snowden v. State*, 353 S.W.3d 815, 818, 822 (Tex. Crim. App. 2011).  If there is a reasonable likelihood that the error materially affected the jury's deliberations, then the error is not harmless beyond a reasonable doubt.  *McCarthy v. State*, 65 S.W.3d 47, 55 (Tex. Crim. App. 2001).  Our focus is on the error itself in the context of the trial as a whole, to determine the likelihood that the error "genuinely corrupted the fact-finding process."  *Snowden*, 353 S.W.3d at 819; *see also Clay v. State*, 240 S.W.3d 895, 904 (Tex. Crim. App. 2007) (entire record must be considered in harmless error analysis).  We must be able to conclude from the record that the error complained of did not contribute to the verdict obtained.  *See Clay*, 240 S.W.3d at 904.  We consider the nature of the error, the extent it was emphasized by the State, the probable implications of the error, and the weight a juror would probably place on the error.  *See Snowden*, 353 S.W.3d at 822.  A constitutional error did not contribute to the verdict obtained if the verdict would have been the same absent the error.  *Clay*, 240 S.W.3d at 904 (citing *Neder v. United States*, 527 U.S. 1, 15–18 (1999).

–11–

"A mistrial is the trial court's remedy for improper conduct that is 'so prejudicial that expenditure of further time and expense would be wasteful and futile.'" *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004) (quoting *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999)). "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required." *Id*. We review a trial court's denial of a motion for mistrial under the abuse of discretion standard. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009).

There is no prejudicial or otherwise incurable error here. Prior to the objectionable comment, Officer Alceus testified that appellant talked to the police during the three to four hours the police were outside the apartment, trying to get appellant to open the door. The record demonstrates that the comment was not intentionally elicited by the State. In fact, the comment was nonresponsive to the State's question. After the trial judge sustained appellant's objection to the comment, the prosecutor moved to another line of inquiry. There was no other mention by the State or any of the State's witnesses regarding appellant's post-arrest decision to not speak to the detectives. On this record, we conclude beyond a reasonable doubt that any error by the trial court in denying appellant's request for instruction did not contribute to appellant's conviction or punishment. *See* TEX. R. APP. P. 44.2(a). We also conclude the trial court did not abuse its discretion by denying a mistrial. We overrule appellant's fourth and fifth issues.

## V.  PRIOR CONVICTION

In his sixth issue, appellant argues the trial court abused its discretion when it overruled his objection to the State's question to appellant regarding his 2003 conviction for possession with intent to deliver a controlled substance. During direct examination, appellant confirmed that he had been in trouble and that he had been to prison. He testified that he had been on parole and probation and successfully completed both. He also testified that he had a history of dealing drugs and sold drugs from the apartment to maintain his habit. On cross-examination,

the State asked if he was dealing drugs again. When appellant replied, "I wouldn't say that," the State asked: "Well, back in 2003 you went to prison for seven years for unlawful possession with intent to deliver a controlled substance, cocaine; isn't that correct?" The trial court overruled defense counsel's objection that this was an improper form of impeachment.

As a general rule, error regarding improperly admitted evidence is waived if the same evidence is introduced by the defendant himself. *Rogers v. State*, 853 S.W.2d 29, 35 (Tex. Crim. App. 1993) (op. on reh'g); *Wootton v. State*, 132 S.W.3d 80, 84 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). An exception to this general rule applies when the accused introduces the evidence in an effort to meet, rebut, destroy, deny, or explain evidence that already has been improperly admitted. *Rogers*, 853 S.W.2d at 35. The exception does not apply in this case. Although appellant did not identify the year of his prior conviction, he testified that he had a history of dealing drugs. Appellant's testimony on direct examination waived any error relating to the trial court's ruling regarding admissibility of the 2003 conviction for possession with intent to deliver a controlled substance. We overrule appellant's sixth issue.

## VI.  JURY ARGUMENT

Appellant argues in his seventh issue that the trial court erred by denying a mistrial after sustaining his objection to improper jury argument by the State during the punishment phase of trial. Appellant's aggravated assault and possession of marijuana cases were tried together. The jury found appellant guilty of possession of marijuana but was unable to reach a unanimous verdict in the aggravated assault case. Accordingly, the trial court granted appellant's motion for mistrial in the aggravated assault case and proceeded to punishment on appellant's possession of marijuana conviction. During closing argument in the punishment phase, the prosecutor sought to have the jury consider the facts of the aggravated assault case offered in evidence during the guilt phase, arguing as follows:

I know we are talking about the marijuana case, but I think the facts of the assaults are relevant. And the reason is if you believe and you're instructed in the charge that a prior bad act, which I will submit to you is certainly a bad act to hit a man with a dumbbell, if you believe that beyond a reasonable, and I know 11 of you do –

Defense counsel objected that this was inappropriate jury argument. The trial court sustained the objection and instructed the jury to disregard the prosecutor's comments. But the trial court denied defense counsel's motion for mistrial. The prosecutor then asked the trial judge if he was allowed to discuss the prior assault as a prior bad act. The trial judge responded, "No. Let's not go there."

As previously discussed, a mistrial is the appropriate remedy in extreme circumstances where the prejudice is incurable. *See Hawkins*, 135 S.W.3d at 77. In evaluating whether the trial court abused its discretion in denying a mistrial for improper jury argument, we consider: "(1) the severity of the misconduct (the magnitude of the prejudicial effect of the prosecutor's remarks), (2) the measures adopted to cure the misconduct (the efficacy of any cautionary instruction by the judge), and (3) the certainty of conviction absent the misconduct (the strength of the evidence supporting the conviction)." *Archie v. State*, 340 S.W.3d 734, 739 (Tex. Crim. App. 2011) (citing *Hawkins*, 135 S.W.3d at 77; *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh'g)).

Applying these factors, we conclude that the prosecutor's argument was not highly prejudicial. The prosecutor did not ask the jury to consider evidence outside the record; the jury had already considered all of the evidence presented in the aggravated assault case. Once the trial court sustained appellant's objection, instructed the jury to disregard, and told the prosecutor not to discuss the assault case, the prosecutor did not re-urge the issue or mention the aggravated assault case. We do not think the extent of prejudice was so great that it could not be cured by the trial court's specific and timely instruction to disregard the prosecutor's comments.

–14–

Generally, instructions to the jury are sufficient to cure most improprieties that occur during trial, and we presume that a jury will follow the trial court's instructions. *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009). Finally, the evidence to support appellant's punishment, absent the prosecutor's comments, is compelling. The jury had already convicted appellant of possession of marijuana in an amount greater that four ounces. The jury heard appellant's own testimony that he hung out with drug dealers, smoked marijuana, and sold marijuana to support his own habit. And the jury heard evidence that appellant's criminal history spans twenty-two years and includes two convictions for possession with intent to deliver a controlled substance, a felony theft conviction, and a misdemeanor assault. We conclude the prosecutor's argument was not "so extreme as to render ineffective an instruction to disregard," and was cured by the trial court's immediate and specific instruction to the jury to disregard the statement. *Martinez v. State*, 17 S.W.3d 677, 691 (Tex. Crim. App. 2000). Accordingly, the trial court did not abuse its discretion by denying appellant's motion for mistrial. We resolve appellant's seventh issue against him.

## VII. REFORMATION OF JUDGMENT

In his eighth and ninth issues, appellant asks this Court to modify the judgment to reflect that appellant entered a plea of "not true" to the first and second enhancement paragraphs. The State agrees that the trial court's judgment should be modified to speak the truth.

Where the record contains the necessary information to do so, the court on appeal has the authority to modify incorrect judgments. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Abron v. State*, 997 S.W.2d 281, 282 (Tex. App.—Dallas 1998, pet. ref'd). The judgment reflects that appellant entered a plea of "TRUE" to the first and second enhancement paragraphs. However, the record reflects that appellant entered a plea of "not true" to both enhancement paragraphs. Accordingly, we sustain appellant's eighth and

ninth issues and modify the trial court's judgment to reflect that appellant entered a plea of "not true" to both of the enhancement paragraphs. *See Asberry v. State*, 813 S.W.2d 526, 530 (Tex. App.—Dallas 1991, writ ref'd).

## VIII.  CONCLUSION

Based on our conclusions above, we modify the trial court's judgment and affirm the judgment as modified.



/Martin Richter/
MARTIN RICHTER
JUSTICE, ASSIGNED


Do Not Publish
TEX. R. APP. P. 47

150638F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ADRIAN ROOSEVELT MCDANIEL,
Appellant

No. 05-15-00638-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 1, Dallas County, Texas
Trial Court Cause No. F-1457439-H.
Opinion delivered by Justice Richter.
Justices Bridges and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reflect that appellant entered a plea of "not true" to the first and second enhancement paragraphs.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 11th day of August, 2016.